The ARMSTRONG–NORWALK RUBBER CORPORATION, Plaintiff-Appellant,

v.

LOCAL UNION NO. 283, UNITED RUBBER, CORK, LINOLEUM AND PLASTIC WORKERS OF AMERICA, A.F.L.-C.I.O., Defendant-Appellee.

No. 250, Docket 25440.

United States Court of Appeals Second Circuit.

Argued May 6, 1959.

Decided July 13, 1959.

Edward Schneider, Harold Rosenwald, Schneider, Bronstein & Shapiro, Boston, Mass. (Thompson, Weir & Barclay, New Haven, Conn., of counsel), for appellant.

Bertram Diamond, Daniel Baker, Baker & Diamond, Stamford, Conn., for appellee.

Before CLARK, Chief Judge, and HAND and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

On September 26, 1958 appellant, The Armstrong-Norwalk Rubber Corporation, filed a complaint against appellee, Local Union No. 283, United Rubber, Cork, Linoleum and Plastic Workers of America, A. F. L.-C. I. O., in the District

Court for the District of Connecticut, alleging the following facts:

The appellant was an employer within the meaning of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., engaged in industrial activities affecting commerce, and appellee, a labor organization, was the exclusive bargaining agent for all of appellant's production and maintenance employees. On May 23, 1957 the parties entered into a two-year collective bargaining agreement which provided that either party could reopen the contract to renegotiate the general wage scale. It also contained a no-strike provision and provided for a grievance procedure including arbitration of "[a]ny difference by either the Company or the Union involving the meaning or application of any provision of this Agreement or any claim by either party that the other party is in violation of any provision of this Agreement * * *" On June 2, 1958 appellee gave appellant notice of its intention to reopen the agreement in order to renegotiate the general wage scale. Two weeks later, on June 16, appellant discharged appellee's president for "good and sufficient cause." Appellee claimed that the discharge was in violation of the collective bargaining contract and invoked the grievance procedure provided for therein. When negotiations on the grievance did not lead to a settlement, appellee demanded arbitration. No action was taken on this demand by August 5 when appellee insisted that its president be reinstated without arbitration. This subsequent demand was repeated on August 11 and was coupled with the threat that a strike would be called if appellant refused. The strike was in fact called on that date. It continued until September 17, 1958.

The gravamen of the complaint is to the effect that inasmuch as appellee had repudiated the no-strike provision of the collective bargaining agreement, appellant was freed from any obligation to arbitrate the matter of the president's discharge. Invoking the jurisdiction of the district court under Section 301(a)

of the Labor Management Relations Act, 29 U.S.C.A. § 185(a), the appellant sought an injunction restraining appellee from proceeding with arbitration with respect to the discharge, and also sought a declaration by the court pursuant to 28 U.S.C. § 2201 et seq. to the effect that appellant was excused from any duty to so arbitrate.

Appellant moved for a preliminary injunction on October 3, 1958. Four days later appellee countered with motions to dismiss the complaint for failing to state a claim, and for a stay of the action pending arbitration "in accordance with the terms of the written collective bargaining agreement between the parties, inasmuch as said action is brought upon issues referable to arbitration under such agreement." The parties agreed to hear appellee's motions first, and, after denying the motion to dismiss the complaint, the district court granted the motion for a stay pending arbitration. It held:

"Now there is no doubt that the parties intended that the discharge of an employee was referable to arbitration under the grievance procedure and appropriate steps had been taken to this end. The plaintiff employer contends that the questions to be answered are: whether the union breached the agreement by its strike and if it did, whether as a consequence of that strike it forfeited its right to have the arbitration procedure continue. But the basic question first to be decided is whether these questions should be referred to the arbitrator * * * Not only was the [president's] discharge arbitrable here, but the effect of a claimed breach of the no-strike clause of the contract was arbitrable as well." D.C.Conn.1958, 167 F. Supp. 817, 819-20, 821.

The first question to be considered, and one which we find dispositive, concerns our jurisdiction to hear this appeal. Appellant argues that jurisdiction is conferred upon us by 28 U.S.C. § 1291 and relies upon Goodall-Sanford, Inc. v. Unit-

ed Textile Workers of America, AFL Local 1802, 1957, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031. In that case a union brought suit against an employer under § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a), seeking an order compelling the employer to arbitrate a dispute in accordance with an interpretation that the union maintained was the proper interpretation of their collective bargaining contract. After construing the contract the district court 131 F.Supp. 767 awarded the relief sought. The Court of Appeals for the First Circuit 233 F.2d 104 affirmed, and it was, in turn, affirmed by the Supreme Court. With respect to the appealability of the district court's order, the Supreme Court held:

> "There remains the question whether an order directing arbitration is appealable. This case is not comparable to Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233, which held that a stay pending arbitration was not a 'final decision' within the meaning of 28 U.S.C. § 1291, 28 U.S.C.A. § 1291 * * * The right enforced here is one arising under § 301(a) of the Labor Management Relations Act of 1947, 28 U.S.C.A. § 185(a). Arbitration is not merely a step in judicial enforcement of a claim nor auxiliary to a main proceeding, but the full relief sought. A decree under § 301(a) ordering enforcement of an arbitration provision in a collective bargaining agreement is, therefore, a 'final decision' within the meaning of 28 U.S.C. § 1291, 28 U.S.C.A. § 1291." 353 U.S. at pages 551–552, 77 S.Ct. at page 921.

However, the situation in that leading case is not the situation we have in the case before us. Here the district judge after looking at the contract decided that it was not his responsibility to decide in the first instance whether the plaintiff employer was entitled to the relief it claimed. He held that before he

could grant or deny such a claim arbitrators had to decide whether the defendant union had breached the collective bargaining contract, and if they found that the contract had been breached, then whether that breach excused the employer from arbitrating the union president's discharge. The stay pending arbitration which the court granted was not a denial of the full relief sought; the arbitration proceeding is, in effect, "merely a form of trial, to be adopted in the action itself, in place of the trial at common law: it is like a reference to a master, or an 'advisory trial' under Federal Rules of Civil Procedure, Rule 39 (c), * * *" Murray Oil Products Co. v. Mitsui & Co., 2 Cir., 1944, 146 F.2d 381, 383. Consequently, it is the type of arbitration which was by implication differentiated in Goodall-Sanford by the Court's statement that the arbitration requested there was "not merely a step in judicial enforcement of a claim nor auxiliary to a main proceeding, but the full relief sought." Such an interpretation of Goodall-Sanford also seems required by the language in that opinion which states: "This case is not comparable to Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233, which held that a stay pending arbitration was not a 'final decision' within the meaning of 28 U.S.C. § 1291, 28 U.S.C.A. § 1291."

Since we do not read Goodall-Sanford as dealing with the problem presented here, we feel ourselves bound by our decision in Wilson Brothers v. Textile Workers Union of America, CIO, 2 Cir., 1955, 224 F.2d 176, certiorari denied, 1955, 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 745. There an employer brought suit against a union under § 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a), seeking a stay of arbitration and a declaration of its rights, alleging that the union was not entitled to arbitration of a dispute concerning vacation pay because it had breached the collective bargaining contract's provisions with respect to griev-

ance and arbitration procedure. The district court there held that both the underlying dispute as to vacation pay and the alleged by-passing of the grievance and arbitration procedure were properly matters for arbitration and granted the union's motion for a stay of the employer's suit. On appeal to this court we held, relying upon Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 1935, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583, that the district court's order was interlocutory, and, therefore, not appealable under 28 U.S.C. § 1291. That holding is clearly in point here, and we see no reason to depart from it.

■ Appellant appears to concede that we have no jurisdiction to hear its appeal under 28 U.S.C. § 1292(a)(1). It is wise in doing so. The law seems settled that an order granting or denying a stay pending arbitration is appealable under 28 U.S.C. § 1292(a) (1), as being analogous to an injunctive order, only when the action which is sought to be stayed is one which would have been an action at law before the fusion of law and equity. Baltimore Contractors, Inc. v. Bodinger, 1955, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; Council of Western Elec. Tech. Emp. v. Western Elec. Co., 2 Cir., 1956, 238 F.2d 892; Wilson Brothers v. Textile Workers Union of America, CIO, 2 Cir., 1955, 224 F.2d 176, certiorari denied, 1955, 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 745. That is not the case here. Wilson Brothers v. Textile Workers Union of America, CIO, supra.

Appeal dismissed.

HAND, Circuit Judge (concurring).

Although Judge Anderson may have thought that the plaintiff was right in believing that the defendant's strike pending the arbitration forfeited its right to arbitration, he did not so declare. The order on appeal staying any proceedings in the action may have been mistaken, but it did nothing more than forbid the plaintiff from pressing its

action pending the arbitration. Such an order is only a step in the action itself and is not appealable under 28 U.S.C. § 1292(a)(1).