Fred A. ALEXANDER et al., Appellants,

v.

PACIFIC MARITIME ASSOCIATION, a non-profit corporation, et al., Appellees.

No. 18913.

United States Court of Appeals Ninth Circuit.

May 6, 1964.

---

Howard B. Crittenden, Jr., San Francisco, Cal., for appellants.

George R. Andersen, San Francisco, Cal., for Union-appellees.

Richard Ernst, Marvin C. Taylor and Robert A. Anthony, San Francisco, Cal., for Employer-appellees.

Before POPE, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This case was before us once before and was remanded to permit amendment of the complaint in the light of Smith v. Evening News Association (1962) 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246. The nature of the plaintiffs' grievances is set forth in our earlier opinion. Alexander v. Pacific Maritime Association (9 Cir. 1963) 314 F.2d 690.

Plaintiffs have now amended their complaint and further proceedings have been had in the district court. Plaintiffs picked up their discovery efforts at the point where they had been left by the earlier order of dismissal and appeal to this court, and thereafter applied to the district court for sanctions under Rule 37, F.R.Civ.P. for failure of defendant Pacific Maritime Association to answer certain interrogatories. Defendants countered with motions for summary judgment and, in the alternative, for stay of proceedings pending resort by plaintiffs to the grievance-arbitration machinery provided by collective bargaining agreement.

The district court denied plaintiffs' motion for sanctions, granted defendants' motion for stay and stayed disposition of the remaining motions "pending disposition of the case on arbitration."

Plaintiffs have appealed from that order and the matter is before us at this time on appellees' motion to dismiss the appeal.

Appellees contend that the order is not an appealable one. We agree.

It is well settled that a stay of of an action pending arbitration is not a final judgment appealable under 28 U.S.C. § 1291. Ross v. Twentieth Century-Fox Film Corp. (9 Cir. 1956) 236 F.2d 632, 633; Kirschner v. West Co. (3 Cir. 1962) 300 F.2d 133, 134; Armstrong-Norwalk Rubber Corp. v. Local Union No. 283 (2 Cir. 1959) 269 F.2d 618, 620–621.[1] Nor can the stay granted here be deemed an injunction appealable under 28 U.S.C. § 1292(a) (1), which allows appeals from "[i]nterlocutory orders * * * granting, continuing, modifying, refusing or dissolving injunctions * * *." For although a stay of proceedings pending arbitration (or on some other equitable ground) is regarded as an injunction if it can be analogized to an equitable restraint of legal proceedings, this theory of appealability is limited to cases in which the action stayed is wholly or basically and predominantly an action at law.[2] While plaintiffs here included in their demand for relief a prayer for mon-

---

[1] The granting of a stay of proceedings pending arbitration is thus to be distinguished from the final judgment status that would be accorded a *dismissal* of the action on the ground arbitration must first be pursued, cf., Armstrong-Norwalk Rubber Corp. v. Local Union No. 283, supra, or a decree ordering enforcement of an arbitration provision of a contract, rendered in an action seeking only such enforcement, Goodall-Sanford, Inc. v. United Textile Workers of America (1957) 353 U.S. 550, 77 S.Ct. 920, 1 L. Ed.2d 1031.

[2] See, e. g., Shanferoke Coal & Supply Corp. v. Westchester Service Corp. (1935) 293 U.S. 449, 55 S.Ct. 313, 79 L. Ed. 583; Ross v. Twentieth Century-

ey damages, this demand follows and is plainly subordinate to prayers for (1) a mandatory injunction directing plaintiffs' registration as ship clerks by defendant Joint Clerks Labor Relations Committee, (2) declaratory relief, and (3) an accounting and imposition of a trust in plaintiffs' favor upon funds held by the trustees of a union-employer association welfare and pension fund.

■ Thus, in our judgment the amended complaint is essentially one in equity. By its nature, then, the stay is a stay by a court of equity of its own proceedings and therefore is not an appealable injunction. See Baltimore Contractors, Inc. v. Bodinger (1955) 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233; Armstrong-Norwalk Rubber Corp. v. Local Union No. 283, supra; Wilson Brothers v. Textile Workers Union of America (2 Cir. 1955) 224 F.2d 176, cert. denied (1955) 350 U.S. 834, 76 S.Ct. 70, 100

L.Ed. 745; Kirschner v. West Co., supra.[3]

■ The denial of sanctions was clearly an interlocutory order, Although the chief sanction sought was a default judgment, it is settled that the denial of a motion for summary judgment or judgment on the pleadings is not a final judgment appealable under § 1291. E. g., Valdosta Livestock Co. v. Williams (4 Cir. 1963) 316 F.2d 188; Waller v. Professional Insurance Corp. (5 Cir. 1963) 316 F.2d 729; Spruill v. Cage (6 Cir. 1958) 262 F.2d 355; Hook v. Hook & Ackerman, Inc. (3 Cir. 1954) 213 F.2d 122, 128. Nor can the denial of a default judgment here be analogized to a refusal of an injunction under § 1292(a) (2).[4] The sanctions were sought only against one party, and default judgment against that party alone would not have entitled appellants to the mandatory injunction demanded in their complaint.

Appeal dismissed.

Fox Film Corp., supra; City of Thibodaux v. Louisiana Power & Light Co. (5 Cir. 1958) 255 F.2d 774, 776–777, reversed on other grounds (1959) 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058; Council of Western Electric Technical Employees-National v. Western Electric Co. (2 Cir. 1956) 238 F.2d 892; Ring v. Spina (2 Cir. 1948) 166 F.2d 546, cert. denied (1948) 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368.

3. In the Kirschner case, although one count of plaintiff's complaint, seeking recovery of royalties under a licensing agreement, was legal, the court held that because the other count, seeking damages on the equitable ground of improper use of confidential disclosures, sounded in equity, a stay granted pending arbitration must be deemed a stay of an action in equity and hence "merely a step in the control of the litigation"

rather than an appealable injunction of an action at law.

4. Cf. Hood v. Board of Trustees of Sumter County School District No. 2 (4 Cir. 1956) 232 F.2d 626, cert. denied (1956) 352 U.S. 870, 77 S.Ct. 95, 1 L.Ed.2d 76; Federal Glass Co. v. Loshin (2 Cir. 1954) 217 F.2d 936, treating the denial of a plaintiff's motion for summary judgment in an action where he seeks injunctive relief as a refusal of an injunction and appealable under § 1292(a) (1). Contra, Heron v. City & County of Denver, Colorado (10 Cir. 1963) 317 F.2d 309, 311; Division 689, Amalgamated Ass'n of Street, Electric Ry. & Motor Coach Employees of America v. Capital Transit Co. (1955), 97 U.S.App. D.C. 4, 227 F.2d 19; Morgenstern Chemical Co. v. Schering Corp. (3 Cir. 1950) 181 F.2d 160.