419 F.2d 933
 TRANSPORTATION-COMMUNICATION DIVISION — BROTHERHOOD OF RAILWAY, AIRLINE AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYES and Frisco System Division 32, Transportation-Communication Division — Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employes, Appellants,
v.
ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellee.
 No. 19685.
 United States Court of Appeals Eighth Circuit.
 December 19, 1969.
 Rehearing Denied February 16, 1970.
 
 Milton Kramer, Washington, D. C., for appellants, John H. Haley, Jr., St. Louis, Mo., on brief and reply brief.
 Paul R. Moody, St. Louis, Mo., for appellee, John E. McCullough, St. Louis, Mo., on the brief.
 Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.
 VAN OOSTERHOUT, Chief Judge.
 
 
 1
 Plaintiffs, Transportation-Communication Employees Union and Transportation-Communication Employees Union, Frisco System Division 32 (TCU), have taken a timely appeal from judgment entered by the District Court on August 8, 1968, and from order of January 16, 1969, denying plaintiffs' motion to amend the judgment.
 
 
 2
 The threshold issue is whether either of such judgments are final decisions upon which an appeal will lie. We hold that neither of such judgments are final decisions and that plaintiffs' appeal must be dismissed for want of jurisdiction.
 
 
 3
 The issues involved and the factual background of this litigation are fairly stated in the trial court's memorandum opinion reported at 296 F.Supp. 507. It is sufficient for our present purposes to state that TCU sought enforcement of certain arbitration awards made by Public Board No. 34, which Board was created by agreement of the parties to this litigation pursuant to the provisions of 45 U.S.C.A. § 153, Second. The defendant railway has sought review of such awards. Each of the parties made motions for summary judgment. No ruling was made on such motions. The awards of the Public Board were neither enforced nor rejected, nor was the action dismissed. The court in its memorandum opinion, after ruling upon several of the issues raised, concluded its opinion as follows:
 
 
 4
 "This Court is of the opinion that the Board cannot make a proper determination of the matter unless it also reviews the contracts with Frisco of the other unions who may have an interest in this matter. * * * "These awards will be remanded to the Board for a determination of the other unions who may have an interest. After this determination has been made and the other unions have been given an opportunity to be heard, the Board shall then review the other union contracts for the purpose of making an interpretation of the scope of all the contracts and what effect they may have on these awards, if any." 296 F.Supp. 507, 511.
 
 
 5
 The judgment entered August 8, 1968, reads:
 
 
 6
 "A memorandum dated this day is hereby incorporated in and made a part of this judgment.
 
 
 7
 "It is Hereby Ordered, Adjudged and Decreed that the cause be and the same is remanded to Public Law Board No. 34 for a further determination in accordance with the memorandum."
 
 
 8
 Subsequently on January 11, 1969, the trial court denied TCU's motion to amend the judgment to enforce the awards or in the alternative, to grant an evidentiary hearing upon the jurisdictional dispute issue. This appeal is from the judgment entries just described.
 
 
 9
 The trial court properly determined that it had jurisdiction over the controversy under 45 U.S.C.A. § 153, First, (p) and (q), and § 153, Second as amended. Included in § 153, First, is the following:
 
 
 10
 "The Adjustment Board shall file in the court the record of the proceedings on which it based its action. The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. * * *"
 
 
 11
 See Transportation-Communication Employees Union v. Union Pacific Railroad Co., 385 U.S. 157, 165, n. 4, 87 S.Ct. 369, 17 L.Ed.2d 264, for an interpretation of this provision.
 
 
 12
 Courts of Appeals have only such jurisdiction as is conferred by statute. The pertinent statute here involved, 28 U.S.C.A. § 1291, provides: "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, * *."[1]
 
 
 13
 "A `final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911. To like effect, see Stewart v. Bishop, 8 Cir., 403 F.2d 674, 678; Bohms v. Gardner, 8 Cir., 381 F.2d 283, 285; Smith v. Sherman, 8 Cir., 349 F.2d 547, 551.
 
 
 14
 A remand order for further proceedings is not a final decision contemplated by § 1291. Bohms v. Gardner, supra; Marshall v. Celebrezze, 3 Cir., 351 F.2d 467; Mayersky v. Celebrezze, 3 Cir., 353 F.2d 89; Stathatos v. Arnold Bernstein S.S. Corp., 2 Cir., 202 F.2d 525.
 
 
 15
 We are convinced that when the law is applied to the facts of this case, the conclusion must follow that the judgments appealed from are not final decisions. The trial court has neither enforced nor denied enforcement of the Board's awards. It has made no final determination of the merits of the controversy and it has not dismissed the action.
 
 
 16
 As pointed out by TCU, the court did in its memorandum opinion determine some issues, such as a holding that the dispute was a minor dispute and that the Arbitration Board had jurisdiction to decide the controversy over the interpretation of the bargaining agreement between TCU and the railroad. Such rulings are interlocutory and remain subject to revisions at any time before final decision and are reviewable only upon an appeal from final judgment. Rule 54(b), Fed.R.Civ.P., Stewart v. Bishop, supra, p. 680 of 403 F.2d; Mesabi Iron Co. v. Reserve Mining Co., 8 Cir., 270 F.2d 567, 569.
 
 
 17
 TCU urges that the trial court by its remand to the Board has lost jurisdiction of the case and that review of any subsequent proceedings by the Board could be instituted in another court. Whether or not the subsequent proceedings could be instituted in another court in our view has no material bearing upon the crucial issue of whether the orders appealed from are final decisions. As heretofore pointed out, the orders appealed from do not meet the finality standards set forth in the cases previously discussed.
 
 
 18
 Inasmuch as the appeal must be dismissed because the judgments appealed from lack finality, we do not have before us the issue of whether the interlocutory orders made by the trial court are correct and we express no view upon such issue.
 
 
 19
 The parties on December 5, 1969, filed joint suggestion of mootness and joint motion to vacate the judgment below and to remand the case to the District Court with direction to dismiss. Such suggestion was received subsequent to the preparation but before the filing of this opinion. Inasmuch as we have held that the court has acquired no jurisdiction over this appeal, it has no jurisdiction to enter the requested order to vacate the judgment and remand the case to the District Court with direction to dismiss.
 
 
 20
 The appeal is dismissed for want of jurisdiction.
 
 
 
 Notes:
 
 
 [1]
 This case does not fall within any of the provisions of § 1292(a) authorizing interlocutory appeals, nor have the provisions of § 1292(b) been utilized. Likewise the provisions of Rule 54(b), Fed.R.Civ. P., have not been followed
 
 
 
 21
 HEANEY, Circuit Judge (dissenting).
 
 
 22
 I respectfully dissent. The award of the Public Board was a proper one and should have been enforced by the District Court. 28 U.S.C.A. § 1291 should not be construed to prohibit a review of the District Court's order under the circumstances of this case.
 
 
 23
 Subsequent to the preparation of the majority opinion in this case, the parties resolve the basic dispute and filed a joint motion with this Court to vacate the judgment below and to remand the case to the District Court for directions to dismiss. I would grant the motion. As it is, the parties have the right to seek relief in the court below.
 
 
 24
 Because the basic dispute has been settled, I do not feel it necessary to expand on my views.