Fred A. ALEXANDER, Louis P. Camarota, George Cathro, Albert S. Dimond, Lewis Freeman, Frank Marani, Ray C. Marvin, James Newell and Earl D. Petersen, Appellants,

v.

PACIFIC MARITIME ASSOCIATION a non-profit corporation, et al., Appellees.

No. 23470.

United States Court of Appeals, Ninth Circuit.

Nov. 9, 1970.

Rehearing Denied Jan. 11, 1971.

Howard B. Crittenden, Jr. (argued), San Francisco, Cal., for appellant.

Richard Ernst (argued) of Ernst & Tollen, San Francisco, Cal., Norman Leonard (argued) San Francisco, Cal., for appellees.

Before HUFSTEDLER and KILKENNY, Circuit Judges, and SMITH, District Judge.*

KILKENNY, Circuit Judge:

Although the appellants attempt to argue the merits, this appeal presents for decision the sole issue of whether the district judge abused his discretion in dismissing appellants' amended complaint for lack of prosecution.

Appellants are non-registered ship clerks claiming rights to work on the waterfront in San Francisco. They are not members of the International Longshoremen's & Warehousemen's Union (ILWU), of which Local 34 acts as the exclusive collective bargaining agent of ship clerks in the San Francisco Bay area.

Appellee, Pacific Maritime Association (PMA), is a corporation whose members are steamship companies and other waterfront employers. It acts as the collective bargaining representative of employers of ship clerks in the San Francisco Bay area. Other appellees are J. A. Robertson, as trustee of the ILWU

---

* The Honorable Russell E. Smith, Chief Judge, United States District Court for the District of Montana, sitting by designation.

and PMA supplemental wage benefit fund; Local 34 of the ILWU; and certain other employee members of the joint labor relations committee and certain employee trustees of certain funds.

The background of this litigation commenced in June, 1962, when appellants suggested to some of the appellees that certain grievances be submitted to arbitration. Receiving no response, appellants, on August 13, 1962, filed a complaint in the district court alleging that PMA and ILWU had violated certain collective bargaining agreements by arbitrarily restricting hiring practices to fully registered ship clerks who were members of Local 34 of ILWU and that only union members were granted such registered status. On November 1, 1962, the district court dismissed the complaint on the ground that it dealt with unfair labor practices over which the National Labor Relations Board had exclusive jurisdiction. In December of the same year, the Supreme Court in Smith v. Evening News, 371 U.S. 195, 83 S. Ct. 267, 9 L.Ed.2d 246 (1962) held that the primary jurisdiction of the board did not apply so as to prevent the institution of an action in federal court by individual employees for alleged violations of collective bargaining agreements. Based on the decision in *Smith*, our court, on February 28, 1963, in Alexander v. Pacific Maritime Assn., 314 F.2d 690 (9th Cir. 1963) reversed the decision of the district court and remanded the case with instructions to set aside the dismissal and grant appellants time within which to file an amended complaint.

The amended complaint was filed on April 12, 1963, again charging discrimination in favor of union members in the manner in which employment and employment benefits were dispensed under the collective bargaining agreement. On May 6, 1963, appellees moved for a summary judgment on the ground that the appellants had failed to exhaust the arbitration procedures found in the collective bargaining contract or, in the alternative, to stay the proceedings until such procedures had been fully exhausted. On July 19, 1963, the district court granted a motion for stay of proceedings pending disposition of the arbitration proceedings. From this order an appeal was prosecuted, but dismissed on the ground that the stay was not a final judgment from which an appeal could be taken. Alexander v. Pacific Maritime Assn., 332 F.2d 266 (9th Cir. 1964).

On June 5, 1964, the appellants filed a "grievance" pursuant to the grievance-arbitration procedures outlined in the contract. On July 22, 1964, after a hearing before the joint checker labor relations committee, the committee found against the appellants, both on their claim that the provisions of the contract required they be registered and on their claim that they had been discriminated against in favor of union members.

On April 9, 1965, the appellants moved the district court to modify the stay and to proceed without the exhaustion of arbitration procedures. This motion was denied by order dated April 26, 1965, in which appellants were directed to proceed with its hearings before an arbitration committee. Following this order, on May 24, 1965, the committee notified the appellants and other interested parties that it was going to proceed with the arbitration. After a hearing, this committee concluded that there had been no violation of the anti-discrimination clause, at which time appellants were advised that the decision was subject to appeal to the Coast Arbitrator. An appeal was taken, but appellants failed to proceed with the arbitration procedures of the contract by refusing to agree to a clarification of issues.

Thereafter, appellants urged the district court to grant their motions and require the appellees to answer the amended complaint and appellants' 1962 interrogatories. Hearings were held on this motion on August 26, 1966. The court denied the motion on the ground that appellants' arbitration remedies had not been exhausted, but emphasized that if appellees failed to use due diligence or

good faith in proceeding with further arbitration proceedings, proper action could be taken in that appellants would be "still in court."

In October and November, 1966, the appellants filed their briefs in the arbitration proceeding. On June 30, 1967, the arbitrator made an award holding that appellants had failed to establish that there was a contract violation with respect to the substitute provisions of the contract regarding registration and that there was no contract violation of the provisions against discrimination. Neither appellants nor appellees followed through on the award.

Nine months later, on March 28, 1968, the district court, acting *sua sponte* issued an order requiring appellants to show cause why the action should not be dismissed for failure to prosecute. On May 10, 1968, appellants renewed their motion for an order requiring the union and PMA to answer the amended complaint and the interrogatories. At the same time, appellees asked the court to dismiss the case for failure to prosecute, or, in the alternative, to enter an order confirming and enforcing the arbitration award. On June 5, 1968, a hearing was held on the order to show cause and the pending motions. At the termination of the hearing, the court ordered a dismissal of the action. The formal order of dismissal was filed on June 14, 1968.

 The order to show cause was issued in conformity with Rule 11,[1] Rules of Practice, United States District Court, Northern District of California, effective July 16, 1962. It is well settled in this circuit that a district court has power to dismiss an action for want of prosecution on its own motion, both under Rule 41(b), F.R.Civ.P., and under its local rule, or even in the absence of such rules. Pearson v. Dennison, 353 F.2d 24, 28 (9th Cir. 1965); Hicks v. Bekins Moving & Storage Co., 115 F.2d 406, 408–409 (9th Cir. 1940); States Steamship Co. v. Philippine Air Lines Co. & Qantas Airways, 426 F.2d 803 (9th Cir. 1970). To the same effect is Link v. Wabash Ry. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The exercise of the power to dismiss is discretionary and will be reversed only for an abuse of that discretion. Fitzsimmons v. Gilpin, 368 F.2d 561 (9th Cir. 1966). Unreasonable delay creates a presumption of injury to appellees' defenses. Pearson v. Dennison, *supra*, 353 F.2d p. 28.

Although each case must depend upon its own facts, a good rule of thumb to be followed is that the exercise of discretion by the trial judge should not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." States Steamship Co. v. Philippine Air Lines Co., *supra*, 426 F.2d p. 804.

 On the record before us, it seems obvious that appellants were attempting to circumvent completely the order of the district court requiring an arbitration and the award made as a result of such order. Instead of moving to set aside the award, the proper practice under the circumstances, the appellants for nine months ignored it and moved only after the court, acting *sua sponte*,

---

1. Rule 11 provides: Quarterly, the Calendar Judge shall call a convenient number of cases from the General Civil File wherein no Memorandum to Set has been filed, being the oldest cases in chronological order according to the filing date thereof, upon an order to show cause, by affidavit or certificate of counsel filed with the Calendar Judge, why such cases should not be dismissed for lack of prosecution.

The Calendar Judge may (1) dismiss such cases for lack of prosecution; (2) remand them to their chronological place on the General Civil File (subject to further call on the next quarterly calling of that File); or, (3) if the facts warrant, order a day certain for the filing of a Memorandum to Set under Rule 2, whereupon the case shall be re-calendared automatically before the Calendar Judge for dismissal or transfer to the Civil Active Calendar.

issued an order to show cause why the case should not be dismissed for failure to prosecute. Taking a long hard look at the entire record, therefore, we cannot say that the district judge abused his discretion in dismissing the complaint.

Inasmuch as the district court did not reach the merits, neither do we. Nor do we express any opinion on whether the arbitration award was void for want of subject matter jurisdiction or extrinsic fraud.

Affirmed.

SMITH, District Judge (dissenting).

I respectfully dissent. I am aware that we do not reach the merits upon an appeal from a dismissal for want of prosecution, but in the unique circumstances of this case I do not believe that we can appraise the district court's exercise of discretion without revealing the positions of the parties. The complaint, prolix as it is, does show that:

1. The plaintiffs are ship clerks steadily employed on the San Francisco waterfront.

2. They do not belong to the union (which refuses to admit them), but for collective bargaining purposes are represented by defendant, ILWU Local 34, which is the exclusive statutory bargaining agent.

3. ILWU and defendant, Pacific Maritime Association, which represents the employers, have reached a collective bargaining agreement which fixes the terms and conditions of the employment of all ship clerks.

4. The agreement distingushes between registered ship clerks and non-registered ship clerks, who though required to make payments to the union, are not members.

The complaint, in effect, alleges that the defendants, by means of the collective bargaining agreement, have arbitrarily made second class employees out of the plaintiffs, have designed a system which keeps plaintiffs in the second class category permanently, and have imposed serious discriminations upon them. These allegations, if true, would warrant an inspection of the facts and law surrounding the collective bargaining agreement to determine whether ILWU has been guilty of such breaches of its fiduciary obligations to plaintiffs as to render the discriminatory provisions of the agreement void. See Steele v. L & NR Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944); Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

As indicated in the majority opinion defendants filed a motion for summary judgment on the ground that plaintiffs had failed to exhaust the arbitration procedures. Proceedings were then stayed and over plaintiffs' protests (even to the extent of a fruitless appeal to this court) the case was sent off for arbitration. Under the provisions of the collective bargaining agreement the arbitrators had no power to pass upon plaintiffs' contentions that the collective bargaining agreement was void.[1] Pending termination of the arbitration, plaintiffs again tried to get the stay order lifted so that defendants would be required to answer the complaint and certain interrogatories which plaintiffs had propounded. These attempts were unsuccessful. Plaintiffs lost the arbitration and nine months later their case was dismissed for want of prosecution.

What happened here was that plaintiffs were sent off to arbitrators who could do nothing but apply the contract as written; they were foreclosed, and still are, from urging in court the invalidity of the provisions of the contract upon which the arbitrators based their decision, and finally had their case dismissed because they didn't take some action about an arbitration award which

1. The agreement provides: "Powers of Arbitrators shall be strictly limited to the application of the agreement as written."

they didn't ask for, didn't want, and shouldn't, at least before the validity of the contract was determined, have been subjected to. I think that the defendants who started the arbitration matter in the first place and who won it, had the duty to do whatever ought to have been done about the arbitration award, but in any event I do not think that the plaintiffs' duty to do something about the award was so clear that it can be said that their failure to act warranted a dismissal for want of prosecution.