**UNITED TRANSPORTATION UNION, an Unincorporated Association, Plaintiff-Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY, a Corporation, Defendant-Appellee.**

No. 18033.

United States Court of Appeals, Seventh Circuit.

Oct. 30, 1970.

Rehearing Denied Nov. 18, 1970.

John H. Haley, Jr., East St. Louis, Ill., for plaintiff-appellant; Haley, Frederickson, Stubbs & Williamson, East St. Louis, Ill., of counsel.

Robert Mitten, Martin W. Fingerhut, Chicago, Ill., John W. Foster, Kenneth L. Novander, Chicago, Ill., David H. Bremer, East St. Louis, Ill., for defendant-appellee.

Before KNOCH, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff-appellant, United Transportation Union (Union), appeals from an order of the district court remanding its dispute with defendant-appellee, Illinois Central Railroad Company (Railroad), to the National Railroad Adjustment Board (Board) for further consideration. We dismiss plaintiff's appeal for want of appellate jurisdiction.

After an investigation, Employee J. W. Stuard had been discharged by the Railroad for violating Company Rule G which forbids the use of intoxicants while on duty. The dispute was then submitted to the Board which concluded that

> [T]he evidence used to support the position of the carrier is almost totally hearsay and hence inadmissible. We believe that the claimant was denied a fair and impartial investigation for all of the foregoing reasons and we will accordingly set aside the dismissal complained of herein.

The Board allowed the Union's claim on behalf of Stuard for "reinstatement with seniority rights unimpaired and pay for all time lost."

The Railroad refused to comply with the award and order of the Board and, consequently, the Union instituted an enforcement suit in the district court under Section 3, First (q) of the Railway Labor Act, 45 U.S.C. § 153(q), 1970 Supp., which provides that a district court "shall have jurisdiction to affirm the order of the division [Board] or set it aside, in whole or in part, or it may remand the proceeding to the division [Board] for such further action as it may direct." The Union moved for a partial summary judgment requiring the Railroad to comply with the order of the Board reinstating Stuard.[1] The Railroad filed a cross-motion for summa-

---

1. The Union also requested that the court retain jurisdiction to determine the amount payable to Stuard under the award.

ry dismissal of plaintiff's enforcement complaint, contending that the Board's order was null and void, since reliance upon hearsay evidence pursuant to a dismissal investigation is entirely proper.

The district court denied both motions for summary judgment and remanded the matter to the Board for further consideration because it believed that the Board should have allowed the hearsay evidence in the dismissal hearing. The court's remand order directed the Board "to specifically consider all the evidence presented in its entirety in keeping with the established procedures." From this remand order the Union appeals.

Section 3, First (q) allows appeal from a district court determination " * * * as provided in sections 1291 and 1254 of Title 28 [United States Code]." Section 1254 pertains to Supreme Court review of appellate decisions and is not relevant here. Section 1291, dealing with our jurisdiction to review district court decisions, provides in pertinent part:

> The courts of appeals shall have jurisdiction from all *final decisions* of the district courts of the United States * * *.

28 U.S.C. § 1291 [emphasis supplied]

■ Consequently, before we can review and determine the merits of the controversy, we must decide whether the court's remand order to the Board for further consideration was a "final decision," which invokes our appellate jurisdiction. We hold that the court's remand order was not a "final decision" and, therefore, dismiss the appeal for want of jurisdiction.

The Court of Appeals for the Eighth Circuit in Transportation-Communication Div. v. St. Louis-San Francisco Ry. Co., 419 F.2d 933, 935 (8th Cir. 1969), cert. denied, 400 U.S. 818, 91 S.Ct. 34, 27 L.Ed.2d 45 (1970), recently faced with the identical question of the finality of a district court remand order to the National Railway Adjustment Board, stated:

A remand order for further proceedings is not a final decision contemplated by § 1291. Bohms v. Gardner, *supra* [8 Cir., 381 F.2d 283 (1967)]; Marshall v. Celebrezze, 3 Cir., 351 F.2d 467; Mayersky v. Celebrezze, 3 Cir., 353 F.2d 89; Stathatos v. Arnold Bernstein S.S. Corp., 2 Cir., 202 F.2d 525.

* * * The trial court has neither enforced nor denied enforcement of the Board's awards. It has made no final determination of the merits of the controversy and it has not dismissed the action.

We are in agreement with the result and reasoning of the Eighth Circuit. The very nature of a remand order for "further consideration" indicates the district court has not entered a final order, but has temporarily sent the dispute back to the Board. The present situation is analogous to the treatment of stay orders by the district court pending arbitration proceedings. Where a district court has been faced with a dispute and has stayed such dispute pending an initial proceeding for arbitration on the merits, the courts have held that such a stay was not a final appealable order. Baltimore Contractors v. Bodinger, 348 U.S. 176, 179, 75 S.Ct. 249, 99 L.Ed. 233 (1955); Alexander v. Pacific Maritime Association, 332 F.2d 266, 267 (9th Cir. 1964); Armstrong-Norwalk Rubber Corp. v. Local Union No. 283, 269 F.2d 618 (2d Cir. 1959).

■ The Union contends that the failure of the district court to preserve its jurisdiction pursuant to its remand order and the possibility that review of any subsequent proceedings by the Board could be instituted in another court, is evidence that the district court's order is final. Regardless of whether the district court has retained jurisdiction, its remand order was not final and

[W]hether or not the subsequent proceedings could be instituted in another court in our view has no material bearing upon the crucial issue of whether the orders appealed from are final decisions.

Transportation-Communication Div. v. St. Louis-San Francisco Ry. Co., 419 F.2d 933, 936 (8th Cir. 1969).

 We find equally unpersuasive the Union's contention that the 1966 addition of Section (q) which for the first time provided for a district court remand power, specifically intended to provide for appellate review of such remand orders. Neither a reading of Section (q) nor a study of the legislative history shows any indication that its drafters intended that remand orders be subject to appellate review. In the absence of legislative intent, we must rely on the plain meaning of the last sentence of Section (q)—"The judgment of the court shall be subject to review as provided in sections 1291 and 1954 of Title 28 [United States Code]." We determine it was the intent of Congress to provide for review of district court orders only in the event that these orders are final, and the district court's remand order was not final.

For the foregoing reasons, the appeal is dismissed.

Appeal dismissed.