**Helen M. BAUTISTA, on her own behalf and on behalf of all Filipinos similarly situated, et al., Plaintiffs-Appellants,**

**v.**

**CONCENTRATED EMPLOYMENT PROGRAM OF the DEPARTMENT OF LABOR et al., Defendants-Appellees.**

**Nos. 71–2802, 71–2803.**

United States Court of Appeals, Ninth Circuit.

May 12, 1972.

A Marquez Bautista, San Francisco, Cal.; California Indian Legal Services, Berkeley, Cal., for plaintiffs-appellants.

Donald P. McCullum, Oakland, Cal., John O. Stewart, San Francisco, Cal., for defendants-appellees.

Before HAMLEY, CHOY and GOODWIN, Circuit Judges.

PER CURIAM:

This is an appeal from a district court order dismissing appellants' amended complaint for lack of prosecution. We affirm.

Appellants' initial complaint filed on July 3, 1968, was dismissed with leave to amend on September 25, 1969. The amended complaint withstood a motion to dismiss for lack of subject matter jurisdiction, and appellees filed interrogatories on May 19, 1970. The progress of the litigation then halted until March 4, 1971, when pursuant to Local Rule 119(a) * the Clerk of Court notified the

---

* Local Rule 119 of the United States District Court for the Northern District of California reads, in relevant part:

"(a) Dismissal Calendar—Notice. Each judge shall maintain his own Dismissal Calendar on which the clerk semi-annually, during April and October, shall order the call of all civil actions . . .

(b) Hearing and Disposition. Upon hearing the court may (1) dismiss any such case for lack of prosecution or (2) if the facts warrant, continue the case to the next call of the Dismissal Calendar . .

(c) Motions to Dismiss for Lack of Prosecution. This rule does not impair the right of a party to move for dismissal under F.R.Civ.P. 41(b)."

parties to appear on April 25 to show cause why the case should not be dismissed for want of prosecution. Appellants did not respond to this notice, and the matter was continued until June 25. On May 1, appellants finally answered the May, 1970 interrogatories, and two weeks later served interrogatories on appellees. After the June 25 hearing, the District Court dismissed the case and refused to vacate the dismissal after another hearing on August 20.

 Appellants concede, as they must, that the District Court has power to dismiss the case for want of prosecution. See Local Rule 119(a); Fed.R.Civ. P. 41(b); and Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). However, they argue that the court abused its discretion in this case. See Alexander v. Pacific Maritime Association, 434 F.2d 281, 283 (9th Cir. 1970) and cases cited therein. But on this record, we do not have "a definite and firm conviction" that the District Court, after two hearings, "committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." States Steamship Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970).

Affirmed.