**UNITED TRANSPORTATION UNION,
Plaintiff-Appellant,**

v.

**INDIANA HARBOR BELT RAILROAD
COMPANY, a corporation, and Public
Law Board Number 304, Defendants-Ap-
pellees.**

**P. J. O'NEILL, Plaintiff-Appellant,**

v.

**PUBLIC LAW BOARD NUMBER 550,
Defendant-Appellee.**

Nos. 75–1839, 75–1959.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 10, 1976.

Decided Aug. 24, 1976.

John J. Naughton, Chicago, Ill., for plain-
tiff-appellant in No. 75–1839.

Calvin K. Hubbell, Chicago, Ill., Hermon
M. Wells, Philadelphia, Pa., for defendants-
appellees in No. 75–1839.

William C. Peterman, Chicago, Ill., for
plaintiff-appellant in No. 75–1959.

Hermon M. Wells, Philadelphia, Pa., Rob-
ert H. Bierma, Chicago, Ill., for defendant-
appellee in No. 75–1959.

Before FAIRCHILD, Chief Judge, and
TONE and BAUER, Circuit Judges.

TONE, Circuit Judge.

The issue in these two cases is whether
Congress has provided for judicial review of
"denial awards," *i. e.*, decisions denying re-
lief, made by special boards of adjustment,
usually called "public law boards,"[1] created
pursuant to the second paragraph of § 3,
Second of the Railway Labor Act, 45 U.S.C.
§ 153, Second. In each case a public law
board entered a decision adverse to the
petitioner, an employee in one case and a
union in the other, and the petitioner
sought review in the District Court. In
each case that court, considering itself
bound by dictum in *Brotherhood of Rail-
way, Airline and Steamship Clerks, Freight
Handlers, Express and Station Employees
v. Special Board of Adjustment No. 605*, 410
F.2d 520 (7th Cir. 1969), *cert. denied*, 396
U.S. 887, 90 S.Ct. 177, 24 L.Ed.2d 162 (1969),
dismissed the action for want of jurisdic-
tion, on the ground that § 3, Second, pro-
vides only for enforcement, and not review,
of public law board awards. We reverse
these judgments.

The issue before us has arisen because of
the inartful wording of the second para-
graph of § 3, Second, which was a part of
the 1966 Amendments to the Railway Labor
Act, Pub.L.No.89–456, § 1, 80 Stat. 208.
That paragraph provides for the creation of
special boards of adjustment, or public law
boards, upon demand of either a carrier
subject to the Act or the representative of
any craft or class of employees. The board
consists of one member designated by the
carrier, one member designated by the em-
ployee representative, and, if requested by
either party, a neutral member appointed

---

1. See *Employees Protective Ass'n v. Norfolk & W. Ry. Co.*, 511 F.2d 1040, 1044 (4th Cir. 1975).

by the National Mediation Board. The kinds of cases the public law board may consider are defined in the agreement establishing the board. They may be "disputes otherwise referable to the [National Railroad] Adjustment Board," or any disputes which have "been pending before the Adjustment Board for twelve months." 45 U.S.C. § 153, Second. The National Railroad Adjustment Board has jurisdiction over so-called minor disputes, *i. e.*, "controversies over the meaning of an existing collective bargaining agreement in a particular fact situation, generally involving only one employee." *Brotherhood of Railroad Trainmen v. Chicago River & Indiana Railroad Co.*, 353 U.S. 30, 33, 77 S.Ct. 635, 637, 1 L.Ed.2d 622 (1957). The provision for judicial review of public law board awards, which gives rise to the issue before us, is contained in the following language:

> "Such awards shall be final and binding upon both parties to the dispute and if in favor of the petitioner, shall direct the other party to comply therewith on or before the day named. Compliance with such awards shall be enforcible by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the Adjustment Board." 45 U.S.C. § 153, Second.

The provisions for judicial review of Adjustment Board awards, which allow awards to be set aside only for failure to comply with the requirements of the Act, lack of jurisdiction, or fraud or corruption, are separated into two subsections, § 3, First, (p) and (q), 45 U.S.C. § 153, First, (p) and (q). The first provides that an award against a carrier may be enforced in a judicial proceeding brought by the person benefited by the award and that in that proceeding the carrier may attack the award. Subsection (p). This provision corresponds to some extent with the provision in the second paragraph of § 3, Second, quoted above. The second Adjustment Board review provision permits judicial review on behalf of either an employee or group of employees or a carrier aggrieved by an Adjustment Board award. Subsection (q). There is no provision in the second paragraph of § 3, Second, that corresponds to subsection (q). The absence of such a provision, the appellee carriers[2] argue, means that judicial review is not available except to enforce an award in favor of an employee against a carrier.

In the *Clerks* case, *supra*, this court held that a district court lacked jurisdiction to review the decision of a private disputes committee created before the 1966 amendments were enacted. The court observed that § 3, Second, was not applicable, but went on in dictum[3] to state that this provision

> "even if otherwise applicable, cannot be the basis of jurisdiction here since it vests authority in the district courts only to enforce but not to review awards of special boards." 410 F.2d at 523.

The District Court in the cases at bar understandably and properly deferred to this dictum. We now hold, however, that district courts have jurisdiction under § 3, Second, and § 3, First, (q), to review awards of public law boards.

The legislative history of the 1966 amendments leaves no doubt that Congress intended to afford parties before a public law board the same opportunities for judicial review that are available to the parties for an Adjustment Board award. The Senate Report states:

> "The bill also provides that judicial review of orders of the National Railroad Adjustment Board, and of boards established under this legislation, relating to

---

**2.** In one case the carrier is named as defendant and is the appellee here. In the other the board is named as defendant, and the carrier member of the board appears here. For convenience we refer to both appellees as carriers.

**3.** Not only was § 3, Second, plainly inapplicable, as the court noted, but the brief of the appellant union expressly disclaimed any reliance on that provision. Accordingly, it was unnecessary for the court, in order to decide the case, to rule on whether § 3, Second, applied or state the reasons it did not apply.

minor disputes in the railroad industry would be available to either party but limited to the determination of questions traditionally involved in arbitration legislation . . . ." Sen.Rep.No.1201, 89th Cong., 2d Sess., 1966 *Code Cong. & Adm. News* at 2289.

The remarks made during the House debate by Congressman Staggers, Chairman of the House committee which reported the bill, are to a similar effect. 112 Cong.Rec. 2748–2749 (1966).

Limiting judicial review to awards against carriers would have created an anomaly. Public law boards were given jurisdiction not only over disputes otherwise referable to the National Railway Adjustment Board but also over disputes which had been pending before that board for more than one year. There could be no rational basis for providing that if such a dispute is referred to a public law board instead of the Adjustment Board, initially or in order to reduce the Adjustment Board's backlog of cases more than one-year old, the petitioner's right to judicial review is lost.

The carriers argue in effect that Congress failed to accomplish what it intended. The language in the judicial review portions of the second paragraph of § 3, Second, is ill-chosen to be sure. It might have been expected that an intention to permit judicial review to either party would have been expressed by repeating the language of § 3, First, (q), or at least by more clearly incorporating that subsection by reference. On the other hand, if the intent were to limit review of enforcement or non-enforcement of awards made in favor of the employee, we would expect that only awards of that kind would be referred to in the provision granting judicial review. Yet that provision literally read, includes awards in favor

of either party.[4] While the appellees have somewhat the better of the argument if only the statutory language is considered, that language leaves at least some room for doubt. When considered together with the incongruous result which withholding judicial review from denial awards would produce, that language is sufficiently ambiguous to justify resort to the legislative history.

At least two other circuits, the Tenth and the Eighth, have taken the position that parties may obtain review of public law board decisions under § 3, First, (q), of the Act. *Brotherhood of Locomotive Engineers v. Denver & Rio Grande Western Railroad Co.*, 411 F.2d 1115, 1119 (10th Cir. 1969); *Transportation-Communication Division v. St. Louis-San Francisco Railway Co.*, 419 F.2d 933, 935 (8th Cir. 1969), *cert. denied*, 400 U.S. 818, 91 S.Ct. 34, 27 L.Ed.2d 45 (1970), dismissing on other grounds the appeal from 296 F.Supp. 507, 508–509 (E.D. Mo.1968). In each case, the interpretation of § 3, while not controlling the result, was a part of the reasoning by which the court reached the result. The Fourth Circuit, referring to the Tenth Circuit decision and several district court cases, has stated that "[i]t has been generally held" that public law board awards are reviewable in a manner "similar to the review accorded awards of the several divisions of the National Railroad Adjustment Board." *Employees Protective Association v. Norfolk & Western Railway Co.*, 511 F.2d 1040, 1045 (4th Cir. 1975). See also *Baltimore & Annapolis Railroad Co. v. National Mediation Board*, 321 F.Supp. 51, 53–56 (D.Md.1970).

We align ourselves with these other circuits for the following reasons: We are in an area of statutory interpretation in which uniformity is important. *Cf. International Association of Machinists v. Central Air-*

4. "Such awards shall be final . . . and if in favor of the petitioner [the employee] shall direct the other party to comply therewith . . . . . Compliance with *such awards* shall be enforcible. . . . " 45 U.S.C. § 153, Second (emphasis supplied). The term "award" in § 3, First, is used to describe a decision in favor of the employee and against

the carrier. Subsection (p) and (q). A decision favorable to the carrier is described as a "failure . . . to make an award." Subsection (q). In § 3, Second, second paragraph, however, as is apparent from the language quoted above, the term "award" is used to describe a decision against the employee as well as one in his favor.

*lines, Inc.,* 372 U.S. 682, 691–692, 83 S.Ct. 956, 10 L.Ed.2d 67 (1963). Congressional intent is clear, and a contrary interpretation would create an anomaly in the statute. The uniform interpretation of the statute by other circuits giving effect to that intent and avoiding that anomaly is not inconsistent with the literal terms of the statute. The only cost of adopting that interpretation is giving access in district courts for the limited form of review provided for in the statutory scheme, see 45 U.S.C. § 153, First, (p), (q). Because of these considerations, which the court did not have before it when it uttered the dictum in the *Clerks* case, we decline to follow that dictum.[5]

The judgments are therefore reversed and the cases are remanded for review of the public law board decisions in accordance with § 3, First, (q), of the Railway Labor Act.

REVERSED AND REMANDED.

**5.** We need not consider whether federal jurisdiction to review the boards' determinations is conferred upon the district court by 28 U.S.C. § 1331 or § 1337, *cf. International Association of Machinists v. Central Airlines, Inc., supra,* 372 U.S. 682, 83 S.Ct. 956, 10 L.Ed.2d 67, since neither appellant presses the argument that those sections apply.