**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| R. BAEZA; et al., | No.  15-55391 |
| Plaintiffs-Appellants, | D.C. No. 2:07-cv-03109-DDP-SH |
| v. | |
| LEROY D. BACA, | MEMORANDUM* |
| Defendant-Appellee. | |

| | |
|---|---|
| CHRISTOPHER CORRAL; et al., | No.  15-55398 |
| Plaintiffs-Appellants, | D.C. No. 2:07-cv-05749-DDP-SH |
| v. | |
| LEROY D. BACA, | |
| Defendant-Appellee. | |

Appeals from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted June 7, 2017
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  LIPEZ,** BEA, and HURWITZ, Circuit Judges.

R. Baeza and C. Corral (collectively, "Plaintiffs") appeal the district court's dismissals of their actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.  Because the parties are familiar with the factual and procedural background, we repeat only those facts necessary to resolve the issues raised on appeal.

1.  Plaintiffs contend that the district court abused its discretion when it vacated their motions for summary adjudication, for class certification, and to consolidate their actions.  Every court has the power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Defendant requested vacation of the motions because pending motions in another case before the court, *Thomas v. Baca*, No. 2:04-cv-08448-DDP-SH (C.D. Cal. Oct. 12, 2004), involved the same defendant, the same plaintiffs' attorney, and virtually identical claims.  The district court did not abuse its discretion when it vacated Plaintiffs' motions because of the ongoing, related litigation in *Thomas*.[1]

---

**   The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

[1]   The district court initially certified the class in *Thomas*, but decertified the class after the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

2. Plaintiffs also contend that the district court abused its discretion when it dismissed their actions for failure to prosecute. In reviewing a dismissal for failure to prosecute, we consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But, "[o]ur cases have tended to focus on the factors of prejudice and delay," and a plaintiff's failure to prosecute an action diligently can be "sufficient by itself to justify a dismissal." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279–80 (9th Cir. 1980). We have affirmed a dismissal for failure to prosecute after the plaintiff failed to take action for nine months. *See Alexander v. Pac. Mar. Ass'n*, 434 F.2d 281, 283–84 (9th Cir. 1970).

Nothing of substance happened in Plaintiffs' actions for over five years. Plaintiffs allowed the scheduled trial dates to lapse without comment. Some of this delay can be attributed to the ongoing litigation and settlement discussions in *Thomas*. However, there was an eighteen-month period of inactivity between this Court's denial of a petition for rehearing of the denial of the petition for permission to file an interlocutory appeal of the decertification order in *Thomas* in September 2012 and the Plaintiffs' attempt to reactivate their actions in March 2014.

3

Plaintiffs' lead counsel claims that she was unable to work during this eighteen-month period because she was recovering from surgery. But counsel performed at least some work in *Thomas* during this time period. More importantly, Plaintiffs provide no explanation why co-counsel, a former magistrate judge, could not have prosecuted the actions during lead counsel's disability, or why the district court was not asked to stay the actions during counsel's disability. The district court did not abuse its discretion in concluding that the delay prejudiced Defendant because the memories of jail employees, who would be witnesses in these actions, faded over time.

3. Plaintiffs contend that the district court abused its discretion when it denied their motions to reactivate their actions after granting Defendant's Rule 41(b) motions to dismiss. Once the district court dismissed the actions for failure to prosecute, however, the motions to reactivate became moot and there was no need to set a discovery cutoff date, or new pretrial dates, or trial dates.

**AFFIRMED.**

4