**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GENE COLLINS, an individual doing business as Southern Nevada Flaggers & Barricades; YOLANDA WOODS, an individual doing business as Step by Step Cleaning Service, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LABORERS INTERNATIONAL UNION OF NORTH AMERICA - LOCAL 872; TOMMY WHITE, AKA Thomas White, <br><br> Defendants - Appellees, <br><br> and <br><br> LABORERS INTERNATIONAL UNION OF NORTH AMERICA - LOCAL 702, <br><br> Defendant. | No. 24-3937 <br><br> D.C. No. 2:11-cv-00524-JAD-DJA <br><br> MEMORANDUM* |

Submitted July 7, 2025**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.***

Gene Collins and Yolanda Woods (collectively, "Plaintiffs") appeal from the district court's dismissal of this action under Fed. R. Civ. P. 41(b) for failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1451 (9th Cir. 1994). "We review a district court's dismissal of an action for lack of prosecution for an abuse of discretion." *Id.*

The district court did not abuse its discretion in determining that the first and second factors weighed in favor of dismissal. By the time Defendants filed the motion to dismiss, the case had been pending for nearly thirteen years. After we affirmed the district court's order denying Plaintiffs' motion to vacate the arbitration award, Plaintiffs for over a year failed to do anything to move the case forward. *See Alexander v. Pac. Mar. Ass'n*, 434 F.2d 281, 283–84 (9th Cir. 1970) (holding that district court did not abuse its discretion in dismissing for failure to

---

*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

prosecute where plaintiffs failed to take any actions for nine months following unfavorable arbitration decision).  Plaintiffs also had a prior history of delaying the case.  When the district court ordered certain claims subject to arbitration, Plaintiffs failed to initiate grievance proceedings for nearly a year.  Further, Plaintiffs' numerous substitutions of counsel also caused delay.  Accordingly, the district court reasonably concluded that Plaintiffs' unreasonable delays prevented it from effectively managing the case.  *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("[T]he district court is in a much better position than [the appellate courts] to determine what period of delay can be endured before its docket becomes unmanageable.").

"[A] presumption of prejudice" to the defendants "arises from the plaintiffs' failure to prosecute . . . ."  *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).  Plaintiffs fail to present a non-frivolous excuse for their delay, and therefore to rebut the presumption.  *See id.* at 401.  While Plaintiffs attempt to fault Defendants and the district court for failing to file dispositive motions and set the case for trial, respectively, "[i]t is the responsibility of the moving party"—not the district court or Defendants—to advance the case "at a reasonable pace, and to refrain from dilatory and evasive tactics."  *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

In light of Plaintiffs' history of delay, and the fact that Defendants

3                                    24-3937

previously filed a motion to dismiss for failure to prosecute, the district court also did not abuse its discretion in determining that less drastic sanctions would likely lead to further delay. *See id.* ("[T]here is no requirement that every single alternate remedy be examined by the court before the sanction of dismissal is appropriate" (alteration in original) (citation omitted)). Nor was the district court required to warn Plaintiffs that dismissal was imminent. We have "expressly rejected the argument that an express warning regarding the possibility of dismissal is a prerequisite to a Rule 41(b) dismissal when," like here, "dismissal follows a noticed motion under Rule 41(b)." *In re Eisen*, 31 F.3d at 1455.

In light of the foregoing, the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits. *See id.* at 1451 ("[T]he trial court's exercise of discretion should not be disturbed unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" (quoting *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1278 (9th Cir. 1980) (internal quotation marks omitted))).

This court's opinion in *Ace Novelty Co. v. Gooding Amusement Co.*, 664 F.2d 762 (9th Cir. 1981), does not demand a different result. The *Ace* court interpreted the applicable local rules as "plac[ing] the obligation upon the clerk to

fix the date for trial." *Id.* at 763. Plaintiffs point to no similar local rules here that imposed a trial-setting obligation on the clerk. *Ace* also did not involve a case that had been pending for thirteen years, with a prior history of plaintiffs delaying, and multiple motions to dismiss for failure to prosecute. Moreover, the district court in *Ace* dismissed the case without making any findings of fact, and the *Ace* court remanded to the district court to either "reinstate the action *or* enter findings of fact which justify the dismissal . . . ." *Id.* (emphasis added). By contrast, the district court here made findings of fact which, for the reasons discussed, justified the dismissal.

**AFFIRMED.**