Josephine Lodygowski LODY, Social Security No. 353–01–6950, Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE of the United States of America, Appellee.

No. 71–1330.

United States Court of Appeals, Ninth Circuit.

Nov. 11, 1971.

Rehearing Denied Dec. 10, 1971.

872

Josephine Lodygowski, in pro. per.

David H. Anderson, Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Crim.Div., John L. Guth, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Josephine Lodygowski Lody brought this action in the district court to review a final decision of the Secretary of Health, Education and Welfare (Secretary), rendered by the Appeals Council on January 18, 1968. She asserted that the Secretary erred in holding that she had failed to establish that the onset date of her disability was March 9, 1960 or any date prior to April 24, 1964. She has been receiving disability insurance benefits since the latter date.

Defendant answered, denying the critical allegations of the complaint, and moved for judgment on the pleadings. The district court denied the motion and remanded the cause to the Secretary for further consideration. Following such further consideration, the Appeals Coun-

cil adhered to its prior decision. Mrs. Lody moved in the district court to reopen and reconsider the proceedings and to review the decision of the Secretary. The district court treated this motion by plaintiff as one for summary judgment, and denied the same. This appeal followed.

An order denying a motion for summary judgment is ordinarily not appealable. Alexander v. Pacific Maritime Ass'n, 332 F.2d 266, 268 (9th Cir. 1964); 6 Moore's Federal Practice ¶ 56.21[2], p. 2788. But here the district court held, in denying the motion, that "there is substantial evidence in the record to support the decision of the Secretary." As the only basis of plaintiff's review was that the Secretary's findings are not supported by substantial evidence in the agency record (See 42 U.S.C. § 405[g]), which record was before the district court, the order in question was, in effect, one dismissing the review with prejudice. So construing the order, it is a final and appealable order.

On this appeal plaintiff argues, in effect, that the district court erred in determining that the Secretary's decision is supported by substantial evidence. The Secretary, on the other hand, contends that, in view of prior agency proceedings involving plaintiff, we need not reach this question but, if we do, the district court determination is clearly correct.

Passing directly to the substantial evidence question, the record reveals a wide range of medical opinion as to whether Mrs. Lody was under a disability within the meaning of 42 U.S.C. §§ 416(i) (1) and 423(d) (1) and (2), prior to April 24, 1964. While some of this evidence tends to support Mrs. Lody's position, we find substantial support in the medical testimony to support the Secretary's determination. Under 42 U.S.C. § 405(g), it is therefore necessary for us to uphold that determination. See Mark v. Celebrezze, 348 F.2d 289, 293 (9th Cir. 1965).

Affirmed.