501 F.2d 1177
 8 Fair Empl.Prac.Cas. 613, 8 Empl. Prac. Dec. P 9556
Albert PRICE, Ronald Watkins, on behalf of themselves and
all other persons similarly situated, Plaintiffs-Appellants,
v.
LUCKY STORES, INC., Warehouse, Mail Order & Retail
Employees, Local 853, Defendants-Appellees.
 No. 73-1289.
 United States Court of Appeals, Ninth Circuit.
 July 23, 1974.
 
 Henry S. Hewitt (argued), of Legal Aid Society of Alameda County, Oakland, Cal., for appellants.
 Andrew W. La Frenz (argued), of Donahue, Gallagher, Thomas & Woods, Oakland, Cal., for appellees.
 Before CHAMBERS and MERRILL, Circuit Judges, and PALMIERI,[1] District judge.
 PER CURIAM:
 
 
 1
 Plaintiffs brought this action under 42 U.S.C. 2000e et seq. and 28 U.S.C. 1343(4) against the defendants employer and labor association alleging a denial of rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. Upon motion of the defendant union, the district court ordered that the complaint be dismissed with leave to amend with the exception of allowing the amended complaint to state grounds for a class action. This appeal followed, with the plaintiffs asserting that the district court's order was appealable under 28 U.S.C. 1292(a)(1) because its effect was to limit the scope of injunctive relief against the defendants sought by the plaintiffs on behalf of the class of persons similarly situated which they purported to represent.
 
 
 2
 The complaint alleged that the defendants had acted in various ways to discriminate against persons who are members of 'minority' groups; in its class allegation, the complaint sought to have the defendants enjoined from continuing these discriminatory practices.
 
 
 3
 Under our decision in Spangler v. United States, 415 F.2d 1242, 1246-1247 (9th Cir. 1969); see also Yaffe v. Powers, 454 F.2d 1362, 1364-1365 (1st Cir. 1972); Build of Buffalo, Inc. v. Sedita, 441 F.2d 284, 286-287, 289-290 (concurring opinion), 290-295 (dissenting opinion) (2d Cir. 1971); Brunson v. Board of Trustees, 311 F.2d 107, 108 (4th Cir. 1962), the order is an appealable one under 28 U.S.C. 1292(a)(1) because its effect is a 'denial of the broad injunctive relief' which the plaintiffs sought on behalf of the class. Cf. Fed.R.Civ.P. 54(b); 28 U.S.C. 1292(b), 1291; Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170-172, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). We express no opinion as to whether a plaintiff in an action under Title VII might obtain relief benefitting nonparties and broader than that necessary to protect his own individual interests. Cf. Gregory v. Litton Systems, Inc., 472 F.2d 631, 633-634 (9th Cir. 1972). Here the plaintiffs attempted to bring the suit as a class action and the complaint sought injunctive relief on behalf of the class.
 
 
 4
 A class action determination under Fed.R.Civ.P. 23 is one of a trial court's considered discretion. As was stated in City of New York v. International Pipe & Cermics Corp., 410 F.2d 295, 298 (2d Cir. 1969), 'the judgment of the trial court should be given the greatest respect and the broadest discretion, particularly if . . . he has canvassed the factual aspects of the litigation.' This is so because the district court is in the best position to consider the most fair and efficient procedure for conducting any given litigation. Such a determination by the court will not be disturbed on appeal unless the party challenging it can show an abuse of discretion. Wilcox v. Commerce Bank of Kansas City, 474 F.2d 336 (10th Cir. 1973); Castro v. Beecher, 459 F.2d 725 (1st Cir. 1972); Hackett v. General Host Corp., 455 F.2d 618 (3d Cir. 1972); City of New York v. International Pipe & Ceramics Corp., supra.
 
 
 5
 Implicit, however, in each of these cases and in Fed.R.Civ.P. 23 itself is the requirement that a trial court, in determining whether or not the case should proceed as a class suit, should make certain findings as to the Rule's provisions and their application to the case at bar. The Tenth Circuit has held that, 'in denying class action status, it was sufficient for the trial court to determine on an adequate record and for good reasons stated that the procedure was not superior to other procedures irrespective of whether common issues of fact or law were predominant.' Wilcox v. Commerce Bank of Kansas City, supra, 474 F.2d at 345.
 
 
 6
 Here the district court simply stated that it had been 'fully advised in the premises' and that the complaint 'fails to state a proper case for permitting this suit to be brought as a class action.' At this junctire, from a liberal reading of the complaint, it appears that with the possible exception of numerosity, Fed.R.Civ.P. 23(a)(1), the requirements of subsection (a) of the Rule have been met. As to the claim of injunctive relief, it appears that treatment of the case under subsection (b)(2) might be appropriate. Other considerations, such as those specifically set out in subsection (b)(3), should be taken into consideration. There is, however, at this initial stage of the proceedings on a bare record of complaint, answer and motion to dismiss, nothing to show why a class action should not proceed. See Esplin v. Hirschi, 402 F.2d 94, 99 (10th Cir. 1968); Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 566 (2d Cir. 1968).
 
 
 7
 This is not to say, of course, that upon remand, the trial court cannot determine on an adequate record and with findings keyed to the various subsections of Rule 23 that a class action should not proceed as to any or all of the issues or parties in question.
 
 
 8
 Accordingly, the order of the district court striking the class action allegation is vacated and the cause remand to that court with instructions to reinstate the class status without prejudice to the court's making proper findings upon an adequate record and at an appropriate time that the case does not merit class action proceedings.
 
 
 
 [1]
 United States District Judge for the Southern District of New York, sitting by designation