**Heldina ELUSKA, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**Cecil D. ANDRUS, Individually and in his official capacity as Secretary of the Interior of the United States of America, and the United States of America, Defendants-Appellees.**

No. 77–2072.

United States Court of Appeals, Ninth Circuit.

Dec. 11, 1978.

---

Michael J. Frank, Gregory M. O'Leary, Alaska Legal Services Corp., Anchorage, Alaska, for plaintiffs-appellants.

Charles E. Biblowit, Washington, D.C., for defendants-appellees.

Before WRIGHT, GOODWIN and ANDERSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellant brought a class action seeking declaratory and injunctive relief against the Secretary of the Interior on behalf of herself and other Alaska Natives whose allotment claims under the Alaska Native Land Allotment Act [1] (ANLAA) had been denied. She appeals from a judgment and order denying her motion for summary judgment and remanding the case to the Interior Board of Land Appeals (IBLA) for an oral hearing in accordance with *Pence v. Kleppe,* 529 F.2d 135 (9th Cir. 1976) (*Pence I*).

We find that the judgment is not final within the meaning of 28 U.S.C. § 1291 (1970), nor is it reviewable as an interlocutory order denying injunctive relief under § 1292(a)(1). We conclude that this court lacks jurisdiction to hear the appeal.

1. May 17, 1906, 34 Stat. 197, as amended Aug. 2, 1956, Ch. 891, 70 Stat. 954, 43 U.S.C. §§ 270—1 to 270—3 (1970), repealed, but with a saving clause for applications pending on December 18, 1971, by P.L. 92–203, Dec. 18, 1971, 85 Stat. 710, 43 U.S.C. § 1617.

## BACKGROUND

Appellant Heldina Eluska, an Alaska Native, applied for two 80-acre parcels of Alaska land pursuant to relevant provisions of the ANLAA. The Act, now repealed, but with a saving clause for applications pending on December 19, 1971, allowed qualified Alaska Natives to acquire title to up to 160 acres of designated Alaska lands. ANLAA § 270—1.

The Bureau of Land Management (BLM) conducted a field examination of the land and granted the application for one 80-acre parcel. It rejected the application for the second 80-acre parcel because its investigation had not revealed evidence of substantial use and occupancy for five years by Eluska.

Eluska appealed the BLM's decision to the IBLA, arguing primarily that the five-year use and occupancy requirement applies only to allotments of land within national forests. She contended that she is exempt from the requirement because the land she claims is not within a national forest. The IBLA rejected her arguments in *Heldina Eluska*, 21 I.B.L.A. 292 (1975).

She then initiated this action in district court on behalf of herself and all Alaska Natives who have filed applications for allotments and have been notified that the BLM has rejected their claims or is likely to do so.

She asserted that:

(1) the five-year requirement does not apply to applications for allotments of lands lying outside national forests;

(2) in conducting the field examination of the land she claims, the BLM did not consider customary seasonal use and occupancy patterns of Alaska Natives;[2]

(3) the BLM should interpret its regulations to allow applicants to show use and occupancy within six years of the filing of an application;

(4) applicants have a due process right to an oral hearing before the BLM prior to issuance of a final decision rejecting their allotment claims.

Appellant's last contention was settled by *Pence I*, in which the court ordered the Secretary to develop procedures for adjudicating allotment claims which would meet at least the minimum due process requirements outlined in the opinion. The Secretary adopted existing procedures for contesting government rejection of claims to land and mineral rights. 43 C.F.R. § 4.451 *et seq.* (1976). In *Pence v. Andrus*, 586 F.2d 733 (9th Cir. 1978), we held that those regulations comply facially with the due process requirements set forth in *Pence I*.[3]

Eluska moved to certify the class and for summary judgment only on the issue of the applicability of the five-year use and occupancy requirement. The Secretary responded by moving to remand the case to the agency for a fair hearing pursuant to the regulations newly adopted to comply with *Pence I*.

The district court issued a memorandum and order of remand.[4] Appellant renewed her motion for summary judgment, claiming that the IBLA's position on the applicability of the five-year use and occupancy requirement is firm, and therefore a remand for a hearing would be futile.[5] Her

---

2. The regulations requiring the BLM to take into account the customary seasonal subsistence use and occupancy patterns of Alaska Natives were not adopted until Sept. 24, 1974. 43 C.F.R. § 2561.0–5(a) (1977). The land Eluska claims was examined in July, 1973. She argued that the land should be reexamined under the new standards.

3. The second *Pence* case was an interlocutory appeal. It did not resolve the question whether the Secretary complied with relevant regulations in adopting the new procedures.

4. It does not appear that the trial court ruled on Eluska's motion to certify the class. The memorandum and order of remand did not address the certification issue and the judgment finally entered denied only the motion for summary judgment.

5. In a letter in support of the motion, appellant called to the trial judge's attention administrative decisions in which the IBLA firmly adhered to its position that the five-year use and occupancy requirement applies to all designated Alaska lands, whether within or without a national forest. The judge responded that only

motion was denied and the case was appealed.

This court dismissed the appeal because the separate judgment required to establish jurisdiction under *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), did not appear in the record. *Eluska v. Kleppe*, No. 77–1256 (9th Cir. Mar. 16, 1977) (unpublished memorandum). Eluska then moved in the district court for entry of judgment pursuant to *Fed.R.Civ. Proc.* 58. The court granted the motion and this appeal followed.

## APPEALABILITY

The Secretary challenges the jurisdiction of this court to hear Eluska's appeal. He argues that the district court judgment denying summary judgment to the appellant and remanding the case to the IBLA is not a final judgment as required by 28 U.S.C. § 1291 (1970). He also contends that the judgment is not an interlocutory order denying or modifying an injunction under 28 U.S.C. § 1292(a)(1) (1970). We agree on both counts.

## THE REMAND ORDER:

■ Section 1291 confers jurisdiction on this court to hear "appeals from all final decisions of the district courts." 28 U.S.C. § 1291 (1970). Had the district court judge dismissed the action rather than remanding the case to the administrative agency, the judgment would have been final and appealable. *See, e. g., Montgomery v. Rumsfeld*, 572 F.2d 250 (9th Cir. 1978); *American Federation of Government Employees, Local 1668 v. Dunn*, 561 F.2d 1310 (9th Cir. 1977); *Kale v. United States*, 489 F.2d 449 (9th Cir. 1973), *cert. denied*, 417 U.S. 915, 94 S.Ct. 2617, 41 L.Ed.2d 220 (1974).

■ Instead, he incorporated the remand order and denial of summary judgment into a judgment, upon appellant's motion. Neither a remand order nor a denial of summary judgment is ordinarily final and appealable under § 1291. Remand order: *e. g., Barfield v. Weinberger*, 485 F.2d 696 (5th Cir. 1973); *United Transportation Union v. Illinois Central Railroad Co.*, 433 F.2d 566 (7th Cir.), *cert. denied*, 402 U.S. 915, 91 S.Ct. 1374, 28 L.Ed.2d 661 (1971); *Transportation-Communication Division v. St. Louis-San Francisco Ry. Co.*, 419 F.2d 933 (8th Cir. 1969), *cert. denied*, 400 U.S. 818, 91 S.Ct. 34, 27 L.Ed.2d 45 (1970). Denial of summary judgment: *e. g., Safe Flight Instrument Corp. v. McDonnell-Douglas Corp.*, 482 F.2d 1086, 1093 (9th Cir.), *cert. denied*, 414 U.S. 1113, 94 S.Ct. 843, 38 L.Ed.2d 740 (1973); *see generally* 10 C. Wright & A. Miller, *Federal Practice & Procedure* § 2715 at 417 (1973). Therefore, in order to conclude that the judgment was final, we must first find that it was equivalent to an order of dismissal.

■ In *Montgomery v. Rumsfeld*, 572 F.2d 250 (9th Cir. 1978), this court discussed the discretion of district courts to remand for exhaustion of administrative remedies. The court noted that when exhaustion is statutorily mandated, the exhaustion requirement is jurisdictional and. the district court must dismiss the action. 572 F.2d at 252. But when there is no statutory exhaustion requirement, courts must resort to a balancing test to determine whether exhaustion is necessary in a given case. If they conclude that it is, the proper course is to remand the case to the agency, retaining jurisdiction. 572 F.2d at 253–54.

■ In the present case, no statute mandates exhaustion; therefore, dismissal was not required. Although the district court judge did not have the benefit of the *Montgomery* decision, he nevertheless weighed the competing interests,[6] concluded that the

"gross or egregious" error in interpreting the statute would excuse the exhaustion requirement. The judge noted that the plaintiff had to resort to "an elaborate argument involving legislative history and the canon of liberal construction of Indian legislation," in order to support her claim of error. He concluded that the

agency's interpretation of the statute was entitled to great deference and that, if there was error, it was not so "gross or egregious" as to require immediate review.

6. The district court judge applied the balancing test set forth in *United States v. Newmann*, 478

*Pence I* fair hearing procedures should be exhausted, and issued the order of remand. He apparently wished to retain jurisdiction or he would have dismissed the action entirely. His intention not to dismiss can be inferred from his reasons for remanding.

The judge remanded to allow the agency to develop fully the facts relevant to Eluska's claims. This court has stated that

[a]n order remanding the case for additional or supplementary evidence, without a review by the court of the administrative record . . ., is without doubt an interlocutory order and is not appealable. Likewise, an order *sua sponte* by the court for the taking of additional evidence is not appealable. (Citations omitted.)

*Cohen v. Perales*, 412 F.2d 44, 48 (5th Cir. 1969), *rev'd on other grounds sub nom. Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The judge also remanded to give the agency a chance to correct its mistakes, in the belief that the exhaustion doctrine is "an expression of executive and administrative autonomy." [7] His remand is analogous to a preliminary order staying judicial proceedings pending the outcome of administrative agency action. Such orders are not appealable. *Fugate v. Morton*, 510 F.2d 307 (9th Cir.), *cert. denied sub nom. Fugate v. Hathaway*, 422 U.S. 1045, 95 S.Ct. 2665, 45 L.Ed.2d 697 (1975); *Chronicle Publishing Co. v. National Broadcasting Co.*, 294 F.2d 744 (9th Cir. 1961).

Appellants cite cases in which circuit courts have held remand orders appealable. In the cited cases, however, the courts relied upon exceptions to the final judgment rule: the collateral order doctrine propounded in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and the "death knell" theory set forth in *Eisen v. Carlisle & Jacquelin*, 370 F.2d 119 (2d Cir. 1966), *cert. denied*, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967).[8] These exceptions have recently been limited or disapproved by the Supreme Court.

In *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), the Court held that an order denying class certification did not fall within the "collateral order" exception because it was

F.2d 829, 831 (8th Cir. 1973), to determine whether the governmental interests were compelling enough to outweigh the burden on a plaintiff caused by denial of review. The *Newmann* court enumerated three such governmental interests:

(a) the agency's interest in having an opportunity to make a factual record and exercise its discretion and expertise without the threat of litigious interruption; (b) the agency's interest in discouraging frequent and deliberate flouting of the administrative process; and (c) the agency's interest in correcting its own mistakes and thereby obviating unnecessary judicial proceedings.

478 F.2d at 831.

7. The judge was quoting Professor Jaffe. L. Jaffe, *Judicial Control of Administrative Action*, 425 (1965).

8. Appellant cites the following cases: *Gueory v. Hampton*, 167 U.S.App.D.C. 1, 510 F.2d 1222 (D.C.Cir. 1974); *Ringsby Truck Lines, Inc. v. United States*, 490 F.2d 620, 624 (10th Cir. 1973), *cert. denied, sub nom. Ringsby Truck Lines v. National Small Shipments Traffic Conference, Inc.*, 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59 (1974); *Gold v. Weinberger*, 473 F.2d 1376, 1378 (5th Cir. 1973); *Cohen v. Perales*, 412 F.2d 44, 48–49 (9th Cir. 1969), *rev'd on other grounds sub nom. Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In *Gueory*, the court applied the death knell theory without citing to specific cases; the *Ringsby* court applied the same theory, but relied on *Cohen* and *Eisen*. In *Cohen v. Perales*, the court cited *Cohen v. Beneficial Industrial Loan Corp.*, and applied the collateral order doctrine; and in *Gold*, the court cited to *Cohen v. Perales*.

*Lody v. Secretary of Health, Education & Welfare*, 451 F.2d 871 (9th Cir. 1971), also cited by appellant, did not apply either exception but is factually distinguishable. Plaintiff appealed the Secretary's holding that she had failed to establish her disability. The district court remanded the case to the agency for further consideration.

When the agency reached the same result, plaintiff moved for district court review. That court treated her motion as one for summary judgment and denied it. Because the only basis for review was whether the Secretary's findings were supported by substantial evidence, this court held that denial of the motion was tantamount to a dismissal of the action with prejudice, therefore appealable.

subject to revision in the district court, involved considerations "enmeshed in the factual and legal issues comprising the plaintiff's cause of action," and could be effectively reviewed after final judgment. 98 S.Ct. at 2458, *quoting Mercantile National Bank v. Langdeau*, 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963).

Although it may not be possible effectively to review an order of remand to exhaust administrative remedies after the final judgment, such an order is subject to revision in the district court and requires consideration of the merits of the case.[9] We hold that the order of remand here is not sufficiently collateral to fall within the narrow exception to the final judgment rule established in *Cohen*.

The Court, in *Coopers & Lybrand*, also held that a denial of class certification is not appealable under the "death knell" doctrine, even though the effect of denial might be to end the action. 98 S.Ct. at 2462. *Accord Loya v. Immigration & Naturalization Service*, No. 75–2826, 583 F.2d 1110 (9th Cir. 1978). We need not decide whether the "death knell" doctrine is similarly inapplicable to remand orders because, in this case, the order will not end the action unless the agency provides appellant the relief she seeks, and will not foreclose her opportunity to appeal the agency's decision, should it be adverse to her.

After Eluska has exhausted her administrative remedies, the district court will know whether she is an appropriate class representative, what the IBLA's position is on the five-year use and occupancy requirement, and whether the IBLA will interpret its regulations as Eluska asks. When the district court rules on the merits of those issues, there will be a final judgment appealable to this court.

## DENIAL OF SUMMARY JUDGMENT:

Appellant argues alternatively that the denial of summary judgment amounted to an interlocutory order denying or modifying an injunction, appealable under 28 U.S.C. § 1292(a)(1) (1970).[10] She cites cases in which courts state that an order denying summary judgment is appealable if its effect is to deny a request for a preliminary injunction. *Safe Flight Instrument Corp. v. McDonnell-Douglas Corp.*, 482 F.2d 1086, 1093 (9th Cir.), *cert. denied*, 414 U.S. 1113, 94 S.Ct. 843, 38 L.Ed.2d 740 (1973); *Gardner v. Moon*, 360 F.2d 556, 558 n. 2 (8th Cir. 1966); *Jamieson v. Folsom*, 311 F.2d 506, 507 (7th Cir.), *appeal dismissed and cert. denied, sub nom. Jamieson v. Celebrezze*, 374 U.S. 487, 83 S.Ct. 1868, 10 L.Ed.2d 1043 *reh. denied*, 375 U.S. 871, 84 S.Ct. 31, 11 L.Ed.2d 100 (1963).

The cited cases are inapposite because appellant requests permanent, not preliminary injunctive relief. *Switzerland Cheese Assoc., Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966).[11] Although she could have obtained judicial review under § 1292(a)(1) if the district court judge had held that permanent injunctive relief was not available, *Loya v. Immigration & Naturalization*

---

**9.** The balancing process described in *Montgomery v. Rumsfeld*, 572 F.2d 250, 253–54 (9th Cir. 1978), necessarily involves consideration of the merits in weighing the competing interests of the plaintiff and the agency.

**10.** Section 1292(a)(1) provides in pertinent part:

(a) The courts of appeals shall have jurisdiction of appeals from:

(1) Interlocutory orders of the district courts of the United States, . . . ., granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, . . . . .
28 U.S.C. § 1292(a)(1) (1970).

**11.** In refusing to review an order denying summary judgment which had the effect of denying plaintiffs' request for a permanent injunction, the Supreme Court said:

the denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing— that the case should go to trial. Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not in our view "interlocutory" within the meaning of § 1292(a)(1).
*Switzerland Cheese*, 385 U.S. at 25, 87 S.Ct. at 195.

*Service,* No. 75–2826, 583 F.2d 1110 (9th Cir. 1978), in this case the judge did not rule directly upon the availability of injunctive relief.

■ Appellant argues, however, that an order denying partial summary judgment is also appealable under § 1292(a)(1) if it restricts the scope of the injunctive relief she requests.[12] In her complaint, she asks for broad injunctive relief on behalf of the class of Alaska Natives she seeks to represent. However, it is only denial of her summary judgment motion which she attempts to appeal. In that motion, she requested declaratory relief with respect to the five-year use and occupancy provision and injunctive relief in the form of an order instructing defendants to issue her an allotment title.

Denial of appellant's motion for partial summary judgment in no way restricts her ability to seek injunctive relief on behalf of the class if issues remain to be adjudicated after remand, and if she should prove to be a suitable class representative. Even if the request for issuance of title in her summary judgment motion can properly be called a request for injunctive relief, the denial of summary judgment does not deny or restrict her access to that relief. In fact, the order of remand may allow the agency to provide her exactly what she seeks.

Appellant makes a final argument that the district court's order is deserving of review because it denies class certification. First, it does not appear in the record that the court ever ruled on her motion to certify the class, which was separate from her motion for summary judgment.

■ Even assuming that denial of the motion for partial summary judgment effectively denied the motion to certify the class, *Gardner v. Westinghouse Broadcasting Co.,* 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978), clearly establishes that

pretrial orders denying class certification are not appealable under § 1292(a)(1).

CONCLUSION

We conclude that denial of appellate review in the present case will best serve the concern for avoiding piecemeal litigation manifested in § 1291. Accordingly, we do not reach the merits of appellant's claims and we dismiss the appeal without prejudice.

12. Appellant cited *Waters v. Heublein,* 547 F.2d 466 (9th Cir. 1976), *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977); *Price v. Lucky Stores, Inc.,* 501 F.2d 1177 (9th Cir. 1974); *Spangler v. United States,* 415 F.2d 1242 (9th Cir. 1969). In each of those cases, a pretrial order limited the scope of the relief requested. *Heublein,* 547 F.2d at 468 (order de-nied white plaintiff standing to assert discrimination against blacks and other minorities); *Price,* 501 F.2d at 1178 (denial of leave to amend complaint to state grounds for a class action); *Spangler,* 415 F.2d at 1243 (order denied plaintiff high school students right to assert claims on behalf of junior high, elementary, and special school children).