885 F.2d 876
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Susan L. WHITE, individually, and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
The FIRESTONE TIRE & RUBBER COMPANY, an Ohio corporation,
Defendant-Appellee.
 No. 88-6265.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1989.
Decided Sept. 11, 1989.
 Before BROWNING, FARRIS, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Susan White appeals from an order denying her motion for class certification and from an order granting Firestone summary judgment on her claims of sex discrimination under Title VII of the Civil Rights Act of 1964. We affirm.
 
 
 3
 White argues that the trial court erred in refusing to certify a class of all women who applied for jobs as retail salespersons or general servicepersons in Firestone's Los Angeles market since June 27, 1985, all women who would apply for such jobs in the future, and all women who had been or would be deterred from applying. A denial of class certification is reviewed for abuse of discretion. Price v. Lucky Stores, Inc., 501 F.2d 1177, 1179 (9th Cir.1974).
 
 
 4
 There are only ten identifiable women who fall within the class as identified by White. The rest are either future applicants or deterred applicants. White has neither attempted to identify these putative class members, nor even to prove that they exist. The trial court excluded all deterred and future applicants, and concluded that ten plaintiffs could be practicably joined. See Fed.R.Civ.P. 23(a)(1). This was not an abuse of discretion. See Simer v. Rios, 661 F.2d 655, 669 (7th Cir.1981) (upholding the denial of class certification because of the difficulty of identifying discouraged applicants for residential housing), cert. denied, 456 U.S. 917 (1981).
 
 
 5
 White next argues that the trial court erred in granting summary judgment on her individual claims of sex discrimination. White claims that Firestone refused to grant her an interview for a job as retail salesperson either because she was a woman (disparate treatment), or because she lacked automotive sales experience, a hiring standard which disproportionately affects women (disparate impact).
 
 
 6
 The trial court properly granted summary judgment on White's disparate treatment claim. Firestone offered a legitimate, non-discriminatory reason for refusing to grant White an interview: she lacked automotive sales experience. See Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1461-62 (9th Cir.1985) (a decision based on an applicant's perceived qualifications is legitimate and nondiscriminatory), cert. denied, 473 U.S. 1048 (1986). The burden then shifted to White to show that the reason was pretextual. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 255-56 (1981). White has failed to meet this burden. Viewing the record in the light most favorable to White, no rational jury could conclude that she was not interviewed because of her sex. Accordingly, there is no genuine issue for trial. See Fed.R.Civ.P. 56(c).
 
 
 7
 The trial court also properly granted summary judgment on White's disparate impact claim. A defendant may rebut a prima facie case under the disparate impact theory by showing that no statistical disparity exists. Atonio v. Wards Cove Packing Co., 810 F.2d 1477, 1482 (9th Cir.1987) (en banc). Firestone has met this burden as a matter of law by introducing evidence that female applicants for positions as retail salepersons were granted interviews as often as were male applicants. While White does not dispute that there is no evidence of disparate impact within the actual applicant pool, she does introduce evidence that, of those with retail sales experience, a substantially lower percentage of women than men applied for jobs with Firestone. However, she has introduced no evidence of a causal relationship between this statistical disparity and an identified practice at Firestone. Firestone is therefore entitled to summary judgment. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3