995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ervin Charles ST. AMAND, Plaintiff-Appellant,
v.
George KAISER, Dr., Medical Director of Nevada D.O.P.
Medical Division, in his individual and personal
capacity, Defendant-Appellee.
 No. 92-17056.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ervin Charles St. Amand, a Nevada state prisoner, appeals pro se the district court's order denying his motion for summary judgment and motion for default judgment in his 42 U.S.C. § 1983 action against Dr. George Kaiser, Nevada Department of Prisons Medical Director, alleging that Kaiser was deliberately indifferent to St. Amand's medical needs. St. Amand also appeals the district court's order granting Kaiser's motion to stay the proceedings pending St. Amand's exhaustion of administrative remedies.
 
 
 3
 The order denying summary judgment is not a final, appealable order. See Eluska v. Andrus, 587 F.2d 996, 999 (9th Cir.1978). The order denying the motion for default also is not a final, appealable order. See Bird v. Reese, 875 F.2d 256, 256 (9th Cir.1989) (order). Neither is the order staying St. Amand's action pending an administrative hearing a final, appealable order. See Fugate v. Morton, 510 F.2d 307, 307 (9th Cir.) (per curiam), cert. denied, 422 U.S. 1045 (1975). Therefore, we lack jurisdiction to hear St. Amand's appeal from these orders. See 28 U.S.C. §§ 1291, 1292(b).
 
 
 4
 St. Amand also appeals the district court's order denying his motion for a preliminary injunction and a temporary restraining order. Kaiser contends we do not have jurisdiction to hear this appeal because St. Amand filed his notice of appeal more than 30 days after the district court entered the order denying injunctive relief.
 
 
 5
 A party wishing to appeal the denial of a preliminary injunction must file a notice of appeal within 30 days after the entry of the order. See Fed.R.App.P. 4(a)(1). This time limit is jurisdictional. See Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1418-19 (9th Cir.1984).
 
 
 6
 Here, St. Amand filed his notice of appeal more than six months after the order was entered. St. Amand contends he did not receive timely notice of the order of the district court denying his request for injunctive relief, but he failed to make a motion to the district court to reopen the time for appeal pursuant to Fed.R.App.P. 4(a)(6). Therefore, because St. Amand's notice of appeal from the denial of injunctive relief was untimely, we are without jurisdiction to hear the appeal. See Fed.R.App.P. 4(a)(1); Sierra On-Line, 739 F.2d at 1418-19. Accordingly, we dismiss St. Amand's appeal for lack of jurisdiction.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3