**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GARY YOKOYAMA, ATTORNEY IN
FACT FOR LEATRICE C. YOKOYAMA,
INDIVIDUALLY AND ON BEHALF OF A
CLASS OF SIMILARLY SITUATED
PERSONS; CATHERINE THORSON;
EDNA YAMANE,
      *Plaintiffs-Appellants,*

      v.

MIDLAND NATIONAL LIFE INSURANCE
COMPANY,
      *Defendant-Appellee.*

No. 07-16825

D.C. No.
CV-05-00303-JMS

OPINION

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted
November 20, 2008—Honolulu, Hawaii

Filed August 28, 2009

Before: Mary M. Schroeder, Richard A. Paez and
N. Randy Smith, Circuit Judges.

Opinion by Judge Schroeder;
Concurrence by Judge N.R. Smith

12055

**COUNSEL**

James J. Bickerton, Honolulu, Hawaii, for plaintiff-appellant, Gary Yokoyama, et al.

Robert D. Phillips, Oakland, California, for defendant-appellee, Midland National Life Insurance Co.

**OPINION**

SCHROEDER, Circuit Judge:

Defendant Midland National Life Insurance Company marketed annuities to senior citizens in Hawaii. At issue in this case are Midland annuities that were sold by independent brokers between 2001 and 2005. Plaintiff Gary Yokoyama purchased one of those annuities through an independent broker and filed this class action claiming that Midland marketed the annuities through deceptive practices, in violation of Hawaii's Deceptive Practices Act. *See* Haw. Rev. Stat. § 480-2. The complaint specifically targets representations made in Midland's brochures, which promoted the annuities as appropriate

for seniors. This action has been exempted from multi-district litigation against Midland pending in the Central District of California, because this action has been narrowly tailored to rely only on Hawaii law.

The district court denied class certification, holding that in order to succeed under the Hawaii Act, each plaintiff would have to show subjective, individualized reliance on deceptive practices within the circumstances of each plaintiff's purchase of the annuity. *See Yokoyama v. Midland Nat'l Life Ins. Co.*, 243 F.R.D. 400 (D. Haw. 2007). For that reason, the district court held that the plaintiffs could not satisfy Federal Rule of Civil Procedure 23's requirements that common issues predominate over individual issues and that a class action is a superior method of adjudication. The dispositive issue is thus an issue of Hawaii state law, namely whether Hawaii's Deceptive Practices Act requires a showing of individualized reliance.

The Hawaii Supreme Court has considered the issue of whether the statute requires actual, i.e., subjective reliance. It has said that the dispositive issue is whether the allegedly deceptive practice is "likely to mislead consumers acting reasonably under the circumstances." *Courbat v. Dahana Ranch, Inc.*, 141 P.3d 427, 435 (Haw. 2006). "[A]ctual deception need not be shown, the capacity to deceive is sufficient." *State of Bronster v. U.S. Steel Corp.*, 919 P.2d 294, 313 (Haw. 1996) (citation omitted). This is an objective test, and therefore actual reliance need not be established. Accordingly, there is no reason to look at the circumstances of each individual purchase in this case, because the allegations of the complaint are narrowly focused on allegedly deceptive provisions of Midland's own marketing brochures, and the fact-finder need only determine whether those brochures were capable of misleading a reasonable consumer.

In the event the plaintiffs succeed under this standard in establishing liability under the Hawaii Act, there will then, in

all likelihood, be individualized issues of damages. The potential existence of individualized damage assessments, however, does not detract from the action's suitability for class certification. Our court long ago observed that "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975) (citations omitted); *accord Smilow v. SW. Bell Mobile Sys, Inc.*, 323 F.3d 32, 40 (1st Cir. 2003). Because there are no individualized issues of subjective reliance under Hawaii law, we hold that the district court erred when it denied class certification.

## BACKGROUND

Three consumer senior citizens, all residents of Hawaii, initiated this action. Each purchased Midland's annuities from an independent broker. Each signed Midland's sales and disclosure forms. Midland obligates its brokers, with respect to each sale, to provide certain documentation to consumers, to obtain consumers' signatures on various forms, and to certify that nothing was said that is inconsistent with Midland's brochures and disclosure forms. In particular, Midland requires its brokers to sign the following certification:

> I certify that the Company disclosure material has been presented to the applicant. I have made no statements which differ in any significant manner from this material. I have not made any promises or guarantees about the future value of any non-guaranteed elements.

Plaintiffs allege that Midland's documentation deceptively represents that its annuities protect its clients from the risks of the stock market and that Midland fails to include in its documentation facts necessary to inform prospective purchasers of the true risks, possible detriments, and unsuitability of Midland's long-term annuities for seniors. The plaintiffs' complaint therefore makes clear that plaintiffs' claims rest on

Midland's own sales materials, not any representations made by specific brokers to the individual plaintiffs. Specifically, their allegations do not relate to what they were told by brokers; rather, their allegations relate to what information was absent from Midland's brochures.

## ANALYSIS

### I.   Standard of Review

**[1]** The prerequisites for maintaining a class action pursuant to Rule 23(a), and the findings necessary under Rule 23(b)(3) to certify the type of class sought in this case, include some determinations that may, depending on the nature of the case, present questions of law, or of fact, or involve issues requiring a discretionary determination.[1] Rule 23(a)'s prerequisite that there must be questions of law or fact common to the class, for example, is obviously one where the trial court must look to both the legal and factual contexts of the litigation before it. Fed. R. Civ. P. 23(a)(2). The same is true for Rule 23(b)(3)'s stricture that the court find that "the questions of law or fact common to class members predominate" over individualized issues. Fed. R. Civ. P. 23(b)(3). Such a deter-

---

[1]At issue in this case are Rule 23(b)(3)'s predominance and superiority requirements. Rule 23(b)(3) requires that:

> questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interest in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

mination also generally contains an element of discretion, as do most of the Rule's requirements, particularly the prerequisites of numerosity, typicality, and adequacy of representation. The most important determination, i.e., the ultimate decision as to whether or not to certify the class, must, at least in any nonfrivolous putative class action, involve a significant element of discretion.

**[2]** It is, therefore, unsurprising that when a district court's class action certification is on appeal, we say that the overall standard of review is for abuse of discretion. *See, e.g.*, *Parra v. Bashas', Inc.*, 536 F.3d 975, 977 (9th Cir. 2008). In addition, when any particular underlying Rule 23 determination involving a discretionary determination is appealed, our standard of review must be for abuse of discretion. Indeed, we have said in rather sweeping terms that we review all class action certifications for abuse of discretion, thus suggesting that even where the underlying determination to be reviewed presents a pure question of law, our review in the class action context must be for abuse of discretion. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1199 n.4 (9th Cir. 2001). Yet if this were literally so, we would conflict with the now bedrock United States Supreme Court precedent that all issues of law, state and federal, must be reviewed de novo, and not, as lower courts had previously held, for abuse of discretion. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991).

The Supreme Court has addressed this same dichotomy in the sanctions context of Rule 11 of the Federal Rules of Civil Procedure. The Court resolved the conflict by holding that when a district court errs as a matter of law in imposing sanctions, the legal error automatically becomes an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law . . . ."). In other words, in such cases, we do not reach any separate issue of abuse of discretion, but review de novo the underlying ruling on an issue of law.

**[3]** Our court has never specifically addressed the standard of review of a class certification ruling where the underlying issue is purely an issue of law. That is the situation in this case, however, where the issues on appeal relate to whether the district court correctly ruled on the proper interpretation of Hawaii state law. Both parties assert that this court should review the district court's decision to deny class certification for abuse of discretion, but the plaintiffs correctly recognize that the discretionary element gives way when this court reviews the district court's interpretation of state law. Consistent with *Salve Regina* and *Cooter & Gell*, that review must be de novo.

The Seventh Circuit has directly addressed this issue and has explicitly held that the standard of review for legal determinations is de novo. In the words of that circuit, "We generally review a grant of class certification for abuse of discretion, but 'purely legal' determinations made in support of that decision are reviewed de novo." *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 573 (7th Cir. 2008) (citing *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 340 (7th Cir. 1997)). The *Mace* case cited in *Andrews* is even more explicit. "Ordinarily a denial of class certification is reviewable for abuse of discretion. But here the district court has determined that the FDCPA [Fair Debt Collection Practices Act] bars serial class action suits. This determination is purely legal, and we review de novo." *Mace*, 109 F.3d at 340 (internal citations omitted); *see also id.* at 342 ("Class certification, involving as it does a variety of factors, is ordinarily a matter for the discretion of the district court. Here, however, the district court decided to deny certification, not based on a factual problem raised by the class definition, but on the legal ground that the FDCPA's limitation of damages impliedly precludes certification limited to a state.") (footnote omitted).

We agree with the Seventh Circuit's explanation of the appropriate standard of review. The underlying rulings on issues of law must be reviewed de novo even when they are

made in the course of determining whether or not to certify a class. If we were to hold otherwise in this case, we would violate the very core of the *Salve Regina* holding that issues of state law must be reviewed de novo. After concluding that "a court of appeals should review de novo a district court's determination of state law," the Supreme Court explained in *Salve Regina* that courts of appeals "are structurally suited to the collaborative judicial process that promotes decisional accuracy." 499 U.S. at 232. We would also be in fundamental conflict with *Cooter & Gell*'s mandate that an erroneous interpretation of the law is an abuse of discretion. 496 U.S. at 405.

**[4]** Our respected dissenting colleague believes that we must go en banc in order to say that district courts lack discretion to make an error of law. His view highlights the ambiguity inherent in the oft repeated phrase "an error of law is an abuse of discretion." He is correct that the phrase, standing alone, is ambiguous. He is not correct to suggest that the phrase was ever intended to mean that a district court has discretion to err on a legal issue. Indeed, it was intended to mean the opposite. Since *Salve Regina*, no federal court has ever held a district court has discretion to err as a matter of law, in the class action context, or in any other. The Seventh Circuit has explained why. Because we are following the Supreme Court's decisions in *Salve Regina* and *Cooter & Gell*, there is no need to go en banc. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

In this case, the issues presented relate to whether the law of Hawaii requires a finding of individual reliance in the application of its consumer protection statutes. Because this is a class certification ruling, any error of law is automatically an abuse of discretion. There are issues of law, and our standard of review of those determinations is therefore de novo.

## II. An Objective Reliance Standard Furthers the Legislature's Intended Use of Class Actions to Enforce Hawaii's Consumer Protection Laws

The Hawaii Supreme Court has described the state's consumer protection laws as having been "constructed in broad language in order to constitute a flexible tool to stop and prevent fraudulent, unfair or deceptive business practices for the protection of both consumers and honest businessmen." *Ai v. Frank Huff Agency, Ltd.*, 607 P.2d 1304, 1311 (Haw. 1980), *overruled on other grounds by Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc.*, 982 P.2d 853 (Haw. 1999). Although "deceptive" practices violate Hawaii's Hawaii Revised Statute § 480-2, chapter 480 provides no definition of "deceptive." *Courbat*, 141 P.3d at 434. Section 480-2 provides, in pertinent part, as follows:

> (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

> (b) In construing this section, the courts and the office of consumer protection shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended.

Haw. Rev. Stat. § 480-2.

[5] Hawaii courts have interpreted the word "deceptive" to include those acts that mislead "consumers acting reasonably under the circumstances." *Courbat*, 141 P.3d at 435. Hawaii courts have held that deceptive practices are those "tend[ing] to mislead or deceive." *Bronster*, 919 P.2d at 312. A deceptive act or practice is "(1) a representation, omission, or practice[ ] that (2) is likely to mislead consumers acting

reasonably under the circumstances [where] (3) [ ] the representation, omission, or practice is material." *Courbat*, 141 P.3d at 435 (alterations in original) (citation omitted). The representation, omission, or practice is material if it is likely to affect a consumer's choice. *Id.* Whether information is likely to affect a consumer's choice is an objective inquiry, "turning on whether the act or omission is 'likely to mislead consumers' as to information 'important to consumers' in making a decision regarding the product or service." *Id.* (internal citations and footnote omitted). Therefore, Hawaii's consumer protection laws look to a reasonable consumer, not the particular consumer.

**[6]** Hawaii's consumer protection laws expressly consider class actions to be appropriate enforcement mechanisms. Haw. Rev. Stat. § 480-13(c) ("The remedies provided in subsections (a) and (b) shall be applied in class action and de facto class action lawsuits or proceedings, including actions brought on behalf of direct or indirect purchasers . . . ."). Hawaii's courts recognize that its consumer protection laws can be enforced through class actions. *See Fuller v. Pac. Med. Collections, Inc.*, 891 P.2d 300, 309 (Haw. App. 1995). Retaining the class action feature likely helps bolster the "flexibility" of the consumer protection laws. *See Ai*, 607 P.2d at 1311.

The district court refused to certify a class in this case because it determined that Hawaii's consumer protection laws require individualized reliance showings. Believing that the plaintiffs' claims would "require inspection of whether the class members individually relied on Midland's misstatements," the district court concluded that class issues do not predominate over issues affecting individual members.

**[7]** The district court's premise was contrary to the Hawaii Supreme Court's interpretation of Hawaii state law, because the Hawaii Supreme Court has made it clear that reliance is judged by an "objective 'reasonable person' standard." *Cour-*

*bat*, 141 P.3d at 436. Hawaii's Supreme Court has said as much: "[A]ctual deception need not be shown; the capacity to deceive is sufficient." *Bronster*, 919 P.2d at 313. Because Hawaii uses an objective test to effectuate its remedial consumer protection statute, the district court erred in holding that individual reliance issues make this case inappropriate for class certification.

[8] These plaintiffs base their lawsuit only on what Midland did not disclose to them in its forms. The jury will not have to determine whether each plaintiff subjectively relied on the omissions, but will instead have to determine only whether those omissions were likely to deceive a reasonable person. This does not involve an individualized inquiry.

### III. Plaintiffs' Liability Claims Rest on the Documentation Midland Supplied to All its Brokers, and Individualized Damage Claims Do Not Defeat Rule 23 Class Certification in This Circuit

[9] The district court also determined that the plaintiffs' claims "involve separate questions of fact as to what information the independent brokers selling the [annuities] conveyed." The plaintiffs' allegations, however, are that the deceptive acts or practices are omissions or misstatements in Midland's own brochures. More specifically, their Fourth Amended Complaint alleges that the deception was perpetrated by Midland through its "fail[ure] to disclose to Plaintiffs and Class Members material information concerning the benefits/detriments from, and suitability and impact of" the annuities. The plaintiffs have thus crafted their lawsuit so as to avoid individual variance among the class members. Plaintiffs' case will not require the fact-finder to parse what oral representations each broker made to each plaintiff. Instead, the fact-finder will focus on the standardized written materials given to all plaintiffs and determine whether those materials are "likely to mislead consumers acting reasonably under the circumstances." *Courbat*, 141 P.3d at 435.

Perhaps in part because the district court interpreted Hawaii law to require subjective reliance, it concluded that the damages calculation involved highly individualized and fact-specific determinations. The District Court explained that

> the amount of damage sustained by a single class member would depend on factors such as the financial circumstances and objectives of each class member; their ages; the IAP selected; any changes in the fixed interest rate for that particular IAP; the performance of the selected index; any changes in the index margin for that particular IAP; any cap on the indexed interest; the length of the surrender periods; whether the individual had undertaken or wanted to undertake an early withdrawal of funds; any benefit the individual policy holder derived from the form of the annuity itself, including the tax-deferral of credited interest; and the actual rate of return on the IAP.

**[10]** Damage calculations will doubtless have to be made under Hawaii's consumer protection laws. *See Flores v. Rawlings Co., LLC*, 177 P.3d 341, 355 (Haw. 2008); *Balthazar v. Verizon Haw. Inc.*, 123 P.3d 194 (Haw. 2005). In this circuit, however, damage calculations alone cannot defeat certification. We have said that "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." *Blackie*, 524 F.2d at 905.

## CONCLUSION

**[11]** Because there are no individualized issues sufficient to render class certification inappropriate under Rule 23, class issues predominate and a class action is a superior method to adjudicate this case. Moreover, Hawaii's state courts have made clear that Hawaii's consumer protection laws are flexible and may be enforced through the class action mechanism. Accordingly, this class should have been certified. We express no opinion on the merits of the claims.

**REVERSED and REMANDED**.

---

N.R. SMITH, Concurring in the Judgment:

I join the majority in its ultimate conclusion, but not in its failure to give the district judge discretion when making class certification decisions. While the majority wants to characterize my desire to use the appropriate standard of review as "confusion," I only write this concurrence because the majority refuses to use our longstanding and sufficient standard of review to resolve this case. The majority instead substitutes its preference for heightened appellate review, when no such review is needed or available under our precedent.

The modern class action lawsuit derives from an action in equity: "It is a general rule in equity, that all persons materially interested, either as plaintiffs or defendants in the subject matter of the bill ought to be made parties to the suit, however numerous they may be." *West v. Randall*, 29 F. Cas. 718 (R.I. 1820) (No. 17,424) (Story, J., on circuit). From that time, the district courts have had discretion to determine what parties should be included in equity. *See In re Engelhard & Sons Co.*, 231 U.S. 646, 651 (1914). When the Supreme Court adopted the Federal Rules of Civil Procedure in 1937, merging law and equity, the former Federal Equity Rule 38 was "substantial[ly] restate[ed]" by the new Rule 23. Fed. R. Civ. P. 23 advisory committee's note to subdivision (a) (1937 Adoption). The advisory committee clarified that the new Rule 23 "applies to all actions, whether formerly denominated legal or equitable." *Id*. Though law and equity merged with respect to these decisions, the district court's discretion to certify a class did not change: the Supreme Court recognizes that the district court has "broad power and discretion . . . with respect to matters involving the certification" of class action lawsuits. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979); *see Califano v. Yamasaki*, 442 U.S. 682, 702-03 (1979).

The Ninth Circuit has also long recognized that class certification decisions are uniquely difficult to review and that "the district court is in the best position to consider the most fair and efficient procedure for conducting any given litigation." *Price v. Lucky Stores, Inc.*, 501 F.2d 1177, 1179 (9th Cir. 1974) (citing *City of New York v. Int'l Pipe & Ceramics Corp.*, 410 F.2d 295, 298 (2d Cir. 1969)). The class certification question "should not be decided in an abstract or academic manner[,] but rather in a practical and realistic way by a trial judge who has knowledge of the actual problems presented in the courtroom by these multi-plaintiff, multi-defendant cases." *City of New York*, 410 F.2d at 298.[1] Accordingly, "[s]uch a determination by the [district] court will not be disturbed on appeal unless the party challenging it can show an abuse of discretion." *Price*, 501 F.2d at 1179. This standard of review has been successfully cited and used in this circuit by hundreds of panels in legions of cases in the more than thirty years since its adoption.

The abuse of discretion standard controls our inquiry, even when we are considering whether the district court made an error of law. *Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816-17 (9th Cir. 1997). The Ninth Circuit has consistently held that an error of law is per se an abuse of discretion. *See, e.g.*, *id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). The majority suggests, however, that while "we *say* that the overall standard of review is for

---

[1]The majority's assault on the district judge's discretion is not new. Judge Hays dissented from *City of New York*, arguing his belief that "[e]xcessive deference to the district court" will lead courts to "disregard the provisions and the intent of Rule 23." *City of New York*, 410 F.2d at 301 (Hays, C.J., dissenting). This argument is much the same as the majority makes in its opinion today. Aware of this argument and Judge Hays's dissent, however, the Ninth Circuit nevertheless used *City of New York* to establish our precedent that we review class certifications for an abuse of discretion. I see no reason to revert to Judge Hays's arguments after some forty years of mostly-successful Rule 23 appellate decisions under the abuse of discretion standard.

abuse of discretion," Maj. Op. at 12062 (emphasis added), what we really mean is that the review must be de novo, because we are considering issues of state law, Maj. Op. at 12062. They therefore articulate and proceed under a de novo standard of review. In so doing, the majority reaches out to Seventh Circuit law, which holds that appellate judges should "generally review a grant of class certification for abuse of discretion, but [review] 'purely legal' determinations made in support of that decision . . . de novo." *Andrews v. Chevy Chase Bank*, 545 F.3d 570, 573 (7th Cir. 2008) (citing *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 340 (7th Cir. 1997)). The majority concludes that this is appropriate given the Supreme Court's holding in *Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991), that "a court of appeals should review *de novo* a district court's determination of state law." The majority asserts that, "[s]ince *Salve Regina*, no federal court has ever held a district court has discretion to err as a matter of law, in the class action context, or in any other," Maj. Op. at 12064, and that de novo review is therefore appropriate.

I reject this assault on Ninth Circuit precedent. Our standard of review precedent is sufficient to resolve the issues presented in this case without intruding upon what we have long recognized to be a discretionary decision by the district judge. *See, e.g.*, *Clark v. Watchie*, 513 F.2d 994, 1000 (9th Cir. 1975) (citing *Price*) (establishing the Ninth Circuit's precedent that a district court's Rule 23(b) determination should be reviewed for an abuse of discretion). Moreover, we have used this standard of review, and the accompanying disclaimer that a district court abuses its discretion when it makes an error of law, *ad infinitum* since *Salve Regina*. *See, e.g.*, *Knight*, 131 F.3d at 816-17 (9th Cir. 1997) ("We review a district court's denial of class certification for abuse of discretion," and "a district court abuses its discretion when it makes an error of law."); *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1237 (9th Cir. 2001) ("A district court's decision regarding class certification is reviewed for abuse of discre-

tion," and "[a] court abuses its discretion if its certification order is premised on legal error." (internal citations omitted)); *Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003) (same, citing *Hawkins*, 251 F.3d at 1237). *See also, e.g.*, *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233-34 (9th Cir. 1996) (class certification issues are reviewed for an abuse of discretion); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001) (same). Finally, I note that Salve regina is not a class certification case, but concerns substantial performance in the breach of contract context. *Salve Regina*, 499 U.S. at 228.

There is only one instance when we would review the district court's class certification decision de novo: "when a district court's decision is not supported by findings as to the applicability of Rule 23 criteria." *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1161 (9th Cir. 2001) (internal quotation marks omitted). Implicit in this ruling is the premise that we must always give the district court deference, unless the district court did not explain its reasoning. The district court made adequate findings here. Under our precedent, traditional discretionary review is appropriate.

The district court declined to certify Yokoyama's proposed class. It found that, because each plaintiff would have to show subjective, individualized reliance on deceptive practices within the circumstances of his or her purchase of a Midland annuity, Yokoyama could not show that common issues predominate over individualized issues and that a class action is a superior method of adjudication. *See Yokoyama v. Midland Nat'l Life Ins. Co.*, 243 F.R.D. 400 (D. Haw. 2007). Upon review, we have determined that Hawaii law does not require individualized reliance. Maj. Op. at 12065-67. Accordingly, the district court applied an incorrect interpretation of Hawaii law to its predominance calculus. Maj. Op. at 12068. Relying on that mistaken interpretation, the district court therefore

abused its discretion in finding that individualized issues predominated over common issues and that a class action was not the superior method of adjudication.

Because the district court made an error of law, Ninth Circuit precedent requires us to conclude that the district court abused its discretion. *See Molski*, 318 F.3d at 946. I therefore concur with the majority's ultimate conclusion that the district court should be reversed. I do not, however, share its view that we may review class certification issues de novo. Ninth Circuit precedent, based on the theory that some decisions are best made by the trial court, requires abuse of discretion review. Nor do I agree with its glib contention that, by examining whether the district court abused its discretion when making a predominance determination, we allow the district court discretion to make an error of law. *See* Maj. Op. at 12064. As our precedent makes clear, an error of law *is* an abuse of discretion for class certification purposes. This precedent is sufficient to resolve this case, and I believe the majority errs by looking beyond it for a standard it deems more desirable.

Lastly, the majority overrules Ninth Circuit precedent by substituting its preference for de novo review over discretionary review. While one panel may overrule another if intervening Supreme Court authority requires it, a three-judge panel cannot overrule Circuit precedent just because that panel desires a different result, or disagrees with the way the Circuit precedent operates. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). The majority, however, seeks to follow Seventh Circuit precedent because it "agree[s] with the Seventh Circuit's explanation of the appropriate standard of review," Maj. Op. at 12063, not the Ninth Circuit's. It is an en banc panel who should make this determination to depart from longstanding Circuit precedent, not two judges who would make the standard of review less deferential.